**BANNUM, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 01–639C.

United States Court of Federal Claims.

Dec. 23, 2003.

242

242

Joseph A. Camardo, Jr., Auburn, New York, argued for the plaintiff. With him on the briefs was Kevin M. Cox.

Thomas D. Dinackus, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., argued for defendant. On the briefs were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Deborah A. Bynum, Assistant Director, and David A. Harrington, Trial Attorney. William D. Robinson, Bureau of Prisons, Washington, D.C., was of counsel.

## ORDER

LETTOW, Judge.

Plaintiff Bannum, Inc. ("Bannum") operates residential Community Correction Centers for federal offenders, both male and female, at various locations in the United States. This case concerns claims by Bannum for increased costs of performance under a number of its contracts with the Bureau of Prisons respecting such Centers. Before the Court is Bannum's motion for reconsideration of a portion of an unpublished order entered on April 24, 2003, by Judge Allegra of this Court, denying Bannum's cross-motion for summary judgment on a particular claim for equitable adjustment. Bannum's motion for reconsideration raises a recurring issue about a plaintiff's ability to rely on summaries of voluminous records as evidence to support a monetary claim. Based upon the motion, briefs, and a hearing, the motion is denied for the reasons that follow.

## BACKGROUND

Bannum's Second Amended Complaint ("Complaint" or "Compl.") seeks equitable adjustments and damages for actions and omissions of the Bureau of Prisons related to sixteen separate contracts. Compl. ¶ 4. The seventh of ten counts alleged in the Complaint concerns wage determinations by the Bureau that obliged Bannum to pay higher wages and provide increased fringe benefits to employees under all sixteen contracts. Id. ¶ 60.[1] Those wage determinations by the Bureau took the form of unilateral modifications to particular contracts, typically incorporating a "Department of Labor Wage Determination" designated by its identifying number and date. See, e.g., Pl's Cross–Mot. for Summ. J., Ex. 1 (Lowry Aff. (June 26, 2002)), Attach. A, at 63d unnumbered page (Modification No. 3 to Contract J 200c–365 for a facility at Reno/Sparks, Nevada, effective November 1, 1999 ("Incorporate Department of Labor Wage Determination Number 98–0398 (Rev.[1]0) dated 07/28/1998.")). Bannum claims that the Bureau refuses to pay for the increased costs incurred between 1998 and early 2001. Compl. ¶ 61. Bannum sought $258,891 from the contracting officer, who in due course issued a final decision concluding that Bannum was entitled to $146,060. Id. ¶ 65. Included with the final decision was Modification 8 to the contracts, increasing the overall contractual amount by $146,060. Id. ¶ 66. Thereafter, Bannum refused to accept that decision and instead filed its action in this Court seeking, among other things, $258,891 in increased costs, the amount it originally claimed. Id. ¶ 67.[2]

---

1. In count seven, Bannum also sought payment for future, i.e., post–2001, increases in wages and fringe benefits plus increases in Bannum's overhead costs. Id. ¶¶ 68–73. Those claims have been dismissed, and count seven consequently now consists only of the claims for past wage determinations now before the Court on this motion for reconsideration.

2. Bannum's original claim submitted via several Requests for Equitable Adjustment was for a total of $276,813. Pl.'s Cross–Mot. for Summ. J., Ex. 1 (Lowry Aff. (June 26, 2002)) ¶ 4. This amount was "later revised slightly to make adjustments for workers' compensation rates" to a total of $264,805.90. Id. An audit by the Defense Contract Audit Agency ("DCAA") was conducted in May 2001, and that Agency concluded that

After proceedings on motions by the government to dismiss portions of Bannum's original complaint and then its First Amended Complaint and Second Amended Complaint, Bannum filed a cross-motion seeking partial summary judgment. Although Bannum maintained its claim for $258,891, it sought partial summary judgment for $146,060, the amount specified in the contracting officer's decision with respect to Bannum's wage and benefit claim, as an "undisputed amount" owed. Pl.'s Cross–Mot. for Summ. J. at 16. In its response, defendant conceded that some amount of compensation was owed Bannum as a result of past wage determinations, but defendant disputed the amount claimed. Bannum's cross-motion was denied by Judge Allegra on the grounds that the contracting officer's decision was not entitled to any deference in the action in this Court and that Bannum had failed to establish its entitlement to the requested amount. Order of April 24, 2003, at 2 (quoting *Wilner v. United States,* 24 F.3d 1397, 1400 (Fed.Cir. 1994) ("once an action is brought following a contracting officer's decision, the parties start in court ... with a clean slate")). Bannum then filed its motion for reconsideration of the Court's denial of summary judgment in its favor, arguing that the Court erred because "defendant ha[d] failed to offer any evidence which would create an issue of material fact." Mot. at 2.

## DISCUSSION

■ Pursuant to Rule 59(a)(1) of the Rules of the Court of Federal Claims ("RCFC"), the Court may grant a motion for reconsideration when the movant shows "either that: (a) an intervening change in the controlling law has occurred, (b) evidence not previously available has become available, or (c) that the motion is necessary to prevent manifest injustice." *Citizens Fed. Bank, FSB v. United States,* 53 Fed.Cl. 793, 794 (2002) (quoting *Bishop v. United States,* 26 Cl.Ct. 281, 286 (1992)). To prevail on such a motion, "the movant must point to a manifest error of law or mistake of fact" and must do more than "merely reassert[ ] arguments which were

previously made and were carefully considered by the court." *Henderson . County Drainage Dist. No. 3 v. United States,* 55 Fed.Cl. 334, 337 (2003) (internal citations omitted). Here, Bannum has not argued that a change in the law has occurred or that new evidence has become available; rather, it contends that the Court should reconsider its decision "in order to prevent manifest injustice." Mot. at 5.

Bannum specifically asserts that it had supported its cross-motion for summary judgment by factual affidavits while the government "came forward with *nothing.*" *Id.* at 4. In these circumstances, Bannum argues that it was entitled to a decision in its favor. This argument is unavailing. Bannum has misinterpreted the first element of the burden-shifting evidentiary scheme for summary judgment set forth by the Supreme Court in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ The paradigm for summary judgment certainly contemplates that a movant for summary judgment can make a showing that shifts the burden to the non-movant to point out the existence of a material fact in dispute in order to forestall summary judgment. However, to trigger this shifting burden, the moving party must both make out a factual and legal basis for relief and "demonstrat[e] the absence of genuine issues of material fact." *Lockheed Martin Corp. v. United States,* 49 Fed.Cl. 241, 243 (2001) (quoting *Dairyland Power Coop. v. United States,* 16 F.3d 1197, 1202 (Fed.Cir.1994)). The first component of this required showing cannot be omitted. " '[T]he party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden then he is not entitled to judgment. No defense to an insufficient showing is required.' " *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 161, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (quoting 6 J. Moore, *Federal Practice*

Bannum was entitled to $258,891. *Id.* ¶ 5. Bannum accepted the DCAA's results and, accordingly, sought the reduced amount first from the

contracting officer and thereafter from this Court.

¶ 56.22[2], at 2824–25 (2d ed.1966)). *See also Broomall Indus. Inc. v. Data Design Logic Sys., Inc.*, 786 F.2d 401, 405 (Fed.Cir.1986) (summary judgment may not be granted when movant's evidence is insufficient to entitle it to judgment as a matter of law).

In presenting its cross-motion for summary judgment, Bannum failed to submit adequate evidence to establish the elements of its claim for entitlement to payment. It proffered several affidavits by its executive director, David Lowry, during briefing on the cross-motion for summary judgment. The first affidavit referred to Bannum's wage-increase claim as made to the contracting officer and recited the officer's decision that Bannum was entitled to an equitable adjustment. Pl's. Cross–Mot. for Summ. J., Ex. 1 (Lowry Aff. (June 26, 2002)). An attachment to this affidavit contained copies of numerous modification orders for the various contracts underlying Bannum's claim as well as tables summarizing the alleged costs associated with those modifications. *Id.* Attach. A. Another attachment included a chart summarizing the differences between the amount originally claimed by Bannum ($276,813) and the amount determined to be due by the DCAA through its audit ($258,891). *Id.* Attach. B.[3] A further affidavit by Mr. Lowry, dated December 20, 2002, was filed at the close of the briefing on the cross-motion and included further summaries of wage and benefit increases said to be payable by the government. Pl.'s Reply to Def.'s Resp. to Pl.'s Cross–Mot. for Summ. J., Ex. 1 (Lowry Aff. (Dec. 20, 2002)).[4] The various summaries presented with Mr. Lowry's affidavits were not accompanied by underlying documenta-

tion of the amounts said to be due. Although information in addition to the summaries was provided, *i.e.*, copies of the contract modification orders, those documents do not explain the data contained in the summaries nor do they show how such data were derived. Furthermore, there is no evidence that such underlying documents have been made available to the defendant for review.[5]

◼ Although evidence presented by a *non-movant* in relation to a summary judgment motion need not be admissible at trial, *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548, the Court may not grant summary judgment to a moving party based solely on evidence that arguably may not be adduced and admitted at trial. *Conoco, Inc. v. Department of Energy*, 99 F.3d 387, 393–95 (Fed.Cir. 1996) (vacating a grant of summary judgment based on inadmissible evidence). "Since the burden is on the party moving for summary judgment to demonstrate that there is no genuine issue of material fact, the movant also must show that the content of his affidavits would be admissible at trial." 10B Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 2738 at 342 (1998).

◼ The admissibility of a summary of evidence in federal courts is governed by Fed.R.Evid. 1006.[6] For a summary to be admissible under Rule 1006, the proponent must lay a proper foundation by establishing four requirements:

First, the summarized writings must be so voluminous so as to be unable to be conveniently examined in court. Second, the

---

**3.** In its motion for reconsideration, Bannum explained that one of Mr. Lowry's affidavits "incorporated a spreadsheet that *he created* summarizing the differences in the claimed audited amounts." Mot. at 8. However, at the hearing on the motion, Bannum's counsel indicated that such summary was, in fact, created by the DCAA as part of its audit of Bannum's records.

**4.** Yet a further "supplemental" affidavit by Mr. Lowry, also dated December 20, 2002, was submitted as well, but its contents related to an issue that has been voluntarily dismissed by Bannum from this case.

**5.** Although the documents relating to Bannum's claim were made available to the DCAA as part of its auditing process, nothing on the record

indicates that such documents were made available to counsel for the government for review in relation to this litigation.

**6.** The Rule provides:

The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

Fed.R.Evid. 1006.

underlying evidence must itself be admissible. Third, the original or copies of the summarized writings must be made available to the opposing party. And, fourth, the proposed summary (or chart or calculation) must accurately summarize (or reflect) the underlying document(s) and only the underlying document(s).

*Bath Iron Works Corp. v. United States,* 34 Fed.Cl. 218, 232–33 (1995) (emphasis and internal citations omitted), *aff'd,* 98 F.3d 1357 (Fed.Cir.1996). Bannum failed to fulfill these requirements. Most importantly, because Bannum had not satisfied its obligation to make the documents underlying its summaries available to the government for review, there was no way for the government to verify whether the summaries accurately reflected the documentary evidence.[7] Moreover, in supporting its cross-motion for summary judgment by presenting the summaries, Bannum did not address the other requirements of Rule 1006—including the volume of the underlying documents, whether those documents themselves would be admissible,[8] or whether prejudicial

or unverifiable information was added to the summaries.[9] In short, the proponent of a summary must properly authenticate it, *see Bristol Steel & Iron Works, Inc.,* 41 F.3d at 189–90, and this Bannum had failed to do. Nothing Bannum has presented in support of its motion for reconsideration suggests otherwise.

Rule 1006 is aimed at "provid[ing] a practicable means of summarizing voluminous information." *United States v. Bakker,* 925 F.2d 728, 736 (4th Cir.1991). Because a summary that satisfies Rule 1006 is itself evidence, it obviates the need to introduce the original voluminous material into evidence. *Id.* at 737. Rule 1006 thus can serve a salutary purpose by enabling counsel for the parties and the court to cope efficiently with many detailed documents that record congeneric information, such as the wage-adjustment materials at issue in this case. To serve this purpose, however, the requirements of the Rule must be followed.

■ Finally, Bannum has not shown how the Court's denial of summary judgment

---

7. Under some circumstances, it may neither be necessary nor possible for the original documentary records or copies of those records to be made available. The business-records, best-evidence, or public-records doctrines may provide a substitute. *See White Indus., Inc. v. Cessna Aircraft Co.,* 611 F.Supp. 1049, 1070, (W.D.Mo. 1985) ("[I]f [the] underlying materials are unavailable (as by loss or destruction), the requirements of Rule 1006 itself cannot be met. In that situation, however, the summary can still be admitted as 'secondary' evidence of the underlying materials if the requirements of Rule 1004 or Rule 1005 (as applicable) are satisfied.") (citing 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence,* 1006–11 (1984)). *See also Klein v. Frank,* 534 F.2d 1104, 1107–08 (5th Cir.1976). Of course, in such a circumstance an appropriate foundation for the invocation of one or more of these doctrines must be supplied in lieu of the original documents. None of these exceptions have been shown to apply here.

8. *See United States v. Samaniego,* 187 F.3d 1222, 1224 (10th Cir.1999); *Ford Motor Co. v. Auto Supply Co.,* 661 F.2d 1171, 1175 (8th Cir.1981). Although the underlying original documents upon which the summaries are based must themselves be admissible, the documents do not necessarily have to be provided with the summary in support of a summary judgment motion (or received into evidence with the summary at trial).

*Bristol Steel & Iron Works, Inc. v. Bethlehem Steel Corp.,* 41 F.3d 182, 189–90 (4th Cir.1994).

9. *See Conoco, Inc.,* 99 F.3d at 393 ("the preparation of summaries from other documents carries risks of error or distortion that must be guarded against by giving the opposing party an opportunity to review and object to the underlying documents"). Notably also, a summary under Rule 1006 "cannot properly incorporate a witness' personal knowledge as the basis for any of the matters summarized." *White Indus.,* 611 F.Supp. at 1070 (citing 5 *Weinstein's Federal Evidence* at 1006–8 to 1006–9). However, a witness's personal knowledge may be incorporated into a "demonstrative" or "pedagogical" summary that ordinarily is *not* admitted into evidence but rather merely serves to organize other evidence already admitted. See 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence,* § 611.02[2][a], at 611–12 (2d ed.2000). Demonstrative summaries can be permitted at trial under Fed.R.Evid. 611(a) where they serve fairly and accurately to render other evidence more understandable. *See United States v. Taylor,* 210 F.3d 311, 315 (5th Cir.2000); *cf. United States v. Yousef,* 327 F.3d 56, 157–58 (2d Cir. 2003), *cert. denied,* 72 U.S.L.W. 3245, 124 S.Ct. 353, 157 L.Ed.2d 241 (U.S. Oct. 6, 2003) (No. 03–5976), and *cert. denied sub nom. Ismoil v. United States,* 72 U.S.L.W. 3308, 124 S.Ct. 492, 157 L.Ed.2d 392 (U.S. Nov. 3, 2003) (No. 03–6494).

amounted to manifest injustice. The Court did not hold that Bannum may never recover on its claim; rather, it merely decided that the evidence presented by Bannum did not show that Bannum was entitled to judgment. This holding does not estop Bannum from advancing its claims in due course. No bar would arise because of the Court's denial under either the law of the case doctrine, *see generally Suel v. Sec'y of Health and Human Services,* 192 F.3d 981, 984–85 (Fed.Cir. 1999), or *res judicata. See generally Charter Fed. Sav. Bank v. United States,* 54 Fed.Cl. 120, 126–127 (2002). Moreover, counsel for the government has indicated both that the government no longer intends to seek additional discovery on this portion of Bannum's claim and that it does not intend to contest the conclusions reflected in the DCAA audit report. These concessions do not amount to a stipulation of liability upon which the Court might grant summary judgment, but they certainly advance Bannum's claim closer to a successful conclusion. Thus, Bannum should be able to pursue its claim with adequate evidence at a subsequent stage of the litigation. Additionally, Bannum is not prejudiced by the denial of summary judgment at this stage of the proceedings because, should it ultimately succeed on its claims, Bannum will be entitled to statutory interest from the dates of its properly submitted claims to the appropriate contracting officer. *See* 41 U.S.C. § 611.

## CONCLUSION

For the reasons stated, it is ORDERED that Bannum's motion for reconsideration is denied. The stay on filing of the answer, entered on April 24, 2003, is lifted. Defendant shall file its answer on or before January 23, 2004. Discovery shall proceed in this case in accord with the schedule set forth in the Court's order of May 22, 2003, as amended on December 11, 2003.