NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5105

BANNUM, INCORPORATED.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

DECIDED:  January 12, 2005

Before LOURIE, CLEVENGER, and SCHALL, <u>Circuit Judges</u>.

SCHALL, <u>Circuit Judge</u>.

## DECISION

This case arises under the Contract Disputes Act of 1978, 41 U.S.C. § 601 <u>et</u> <u>seq.</u> (2000) ("CDA").  Bannum, Incorporated ("Bannum") appeals the decision of the United States Court of Federal Claims that ordered entry of judgment in Bannum's favor in the amount of $258,891, plus interest from August 20, 2001, in Bannum's CDA action against the United States.  <u>Bannum, Inc. v. United States</u>, No. 01-639C (Fed. Cl. Apr. 2, 2004).  Bannum contends that the court should have awarded it interest from various dates ranging from February 16, 2001 to April 18, 2001.  We <u>affirm</u>.

DISCUSSION

I.

Bannum was a party to various contracts with the Department of Justice's Bureau of Prisons ("BOP"). The contracts were governed by the CDA. During the period of the contracts, BOP issued unilateral contract modifications incorporating revised wage determinations that had been implemented pursuant to the Service Contract Act of 1965, 41 U.S.C. §§ 351-358 (2000) ("SCA"). Subsequently, from February 16, 2001 through April 18, 2001, Bannum submitted documents to BOP requesting payment for higher wages and fringe benefits it paid pursuant to the SCA and the contract modifications. Bannum's requests were submitted on Standard Form 1034, entitled "Public Voucher For Purchases and Services Other Than Personal."

By letter dated August 3, 2001, Bannum requested payment for the increased wages and fringe benefits that it had paid. In the letter, Bannum stated that if BOP did not confirm within ten days that it would honor the payment request, Bannum would "covert [sic] the [payment requests] to claims and proceed accordingly." On August 20, 2001, Bannum submitted another letter to BOP. The "RE" line of the letter read, "Bannum, Inc. Claims for Equitable Adjustment Under Service Contract Act ('SCA')." The body of the letter stated:

> To date, the BOP has refused to pay Bannum for their REA(s) and therefore, based on the foregoing, please be advised that Bannum hereby converts the aforementioned REA(s) into a Claim for Equitable Adjustment, ("Claim"), and as such, pursuant to the Contract Disputes Act of 1978 and Disputes Clause of the subject Contract, demands payment in the amount of $258,891.00 and a Contracting Officer's Final Decision.

(J.A. 77-78).

04-5105                                    2

BOP responded to Bannum's August 20 letter on October 18, 2001. BOP's letter was captioned "Contracting Officer's Final Decision on Bannum's Claim for Equitable Adjustment of the following contracts: . . . ." BOP's letter referred to Bannum's August 20, 2001 letter as a "claim" and stated that BOP's letter was "in response to your claim dated August 20," and was "the final decision of the Contracting Officer." The letter concluded that Bannum was entitled to an equitable adjustment in the amount of $146,060, stated that the letter was the final decision of the "Contracting Officer," and informed Bannum of its rights under the CDA to appeal the final decision to the Department of Transportation Board of Contract Appeal or the Court of Federal Claims. The letter was signed by Melvin L. Gardner, who was identified as a "Supervisory Contracting Officer."

Dissatisfied with the contracting officer's award, Bannum filed suit in the Court of Federal Claims pursuant to 41 U.S.C. § 609(a)(1), seeking compensation in the amount of $258,891. In its answer, the government conceded that Bannum was entitled to recover $258,891 for sums paid as a result of wage determinations issued pursuant to the SCA. Thereafter, the government asked the court to enter judgment in Bannum's favor in that amount, and to award Bannum interest under the CDA. As noted above, the Court of Federal Claims granted the government's request by ordering the entry of judgment in Bannum's favor and by awarding Bannum CDA interest from August 20, 2001. After the court denied Bannum's request that it reconsider its decision and award Bannum interest from various dates ranging from February 16, 2001 through April 18, 2001, Bannum filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

II.

The question presented in this case is straightforward: whether the Court of Federal Claims was correct in awarding Bannum interest from August 20, 2001, or whether the court should have awarded interest from the various dates urged by Bannum. We hold that the court did not err in its interest award. We so hold because it was not until August 20, 2001 that Bannum submitted a claim to the contracting officer.

The CDA provides that "[i]nterest on amounts found due contractors on claims shall be paid to the contractor from the date the contracting officer receives the claim pursuant to section 605(a) of this title from the contractor until payment thereof." 41 U.S.C. § 611. Section 605(a) states that "[a]ll claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." We have stated that in order for a submission to qualify as a claim under the CDA, "the submission must request a 'final decision'" from the contracting officer. Rex Sys., Inc. v. Cohen, 224 F.3d 1367, 1372 (Fed. Cir. 2000) (citing James M. Ellett Constr. Co. v. Dalton, 93 F.3d 1537, 1543 (Fed. Cir. 1996)). When there is not an explicit request for a final decision, we examine the context in which the contractor's submission was made in order to determine whether the contractor implicitly requested a final decision and therefore presented a claim. Id.

It is undisputed that Bannum did not expressly request a contracting officer's final decision until August 20, 2001. Bannum argues, however, that its February 16 – April 18 submissions were non-routine requests for payment that "implicitly" requested a final decision. Accordingly, so the argument goes, they constituted claims. We do not agree. Bannum's various requests for payment on Standard Form 1034, its August 3,

and August 20, 2001 letters to BOP, and the contracting officer's letter of October 18, 2001, all discussed in Part I above, make two things clear: (i) it was not until August 20, 2001 that Bannum expressly requested a contracting officer's final decision; and (ii) nothing Bannum did before August 20, 2001 could be viewed as an implicit request for a final decision. Most importantly, nowhere on any of the Standard Form 1034s did Bannum request a final decision, and in its August 3, 2001 letter, Bannum stated that if BOP did not confirm in 10 days that it would honor Bannum's payment requests, Bannum would convert the payment requests to claims. Finally, the contracting officer's letter of October 18, 2001 indicates that it was Bannum's August 20 letter that the contracting officer recognized as a request for a final decision. It was not until August 20, 2001 that Bannum submitted a claim to the contracting officer.

For the foregoing reasons, the decision of the Court of Federal Claims awarding Bannum CDA interest from August 20, 2001 is neither tainted by legal error nor supported by findings of fact that are clearly erroneous. See Bass Enters. Prod. Co. v. United States, 381 F.3d 1360, 1365 (Fed. Cir. 2004) ("When reviewing a final decision by the Court of Federal Claims, we examine the court's legal determinations de novo and its findings of fact for clear error."). The court's decision is therefore affirmed.

Each party shall bear its own costs.