# In the United States Court of Federal Claims

No. 10-303C
(Filed: February 8, 2013)
**NOT FOR PUBLICATION**

|  |  |
|---|---|
| JOHN THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

William Lee Bransford, Shaw, Bransford & Roth, PC, Washington, D.C., for plaintiff. Maria N. Coleman, Shaw, Bransford & Roth, PC, Washington, D.C., of counsel.

Jane C. Dempsy, Trial Attorney, Steven J. Gillingham, Assistant Director, Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, Stuart F. Delery, Acting Assistant Attorney General, Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

GEORGE W. MILLER, Judge

Before the Court is defendant's motion for reconsideration ("Mot. for Recons.") (docket entry 32, Feb. 6, 2012) of the Court's Opinion dated September 7, 2011 (the "Opinion") (docket entry 29, Sept. 7, 2011) (Baskir, J.) granting summary judgment in favor of plaintiff. For the reasons set forth below, defendant's motion is **DENIED**.

## I. Background

Plaintiff filed a complaint on May 19, 2010 (docket entry 1) seeking payment of a living-quarters allowance for his employment by the Army Corps of Engineers ("Army Corps") in Aviano, Italy since June 2004. The parties filed cross-motions for summary judgment (docket entry 20, January 28, 2011; docket entry 23, Mar. 21, 2011). The Court granted plaintiff's motion and denied defendant's motion. Opinion 7. In its Opinion, the Court held that it had jurisdiction over plaintiff's claim and that plaintiff was entitled to a living-quarters allowance. *Id.* at 5–7. The amount of damages due to plaintiff remains in dispute, and is the subject of plaintiff's pending motion for interest on damages (docket entry 40, May 29, 2012), which the Court does not address herein. On February 6, 2012, defendant filed a motion for reconsideration requesting that the Court vacate the Opinion. Defendant then submitted a notice

of recent decision (docket entry 39, May 24, 2012) in support of its motion for reconsideration. On October 31, 2012, the Court ordered plaintiff to respond to defendant's motion for reconsideration. (Docket entry 44.) Plaintiff filed his response on December 10, 2012 (docket entry 47).

## II.    Discussion

As the amount of damages remains in dispute, the Opinion did not end plaintiff's action. Accordingly, the standard for reconsideration of the Opinion is determined by Rules 54(b) and 59(a) of the Rules of the Court of Federal Claims ("RCFC") instead of RCFC 59(e) and 60. *L-3 Commc'ns Integrated Sys., L.P. v. United States*, 98 Fed. Cl. 45, 48 (2011); *see also Alpha I, L.P. ex rel. Sands v. United States*, 86 Fed. Cl. 568, 571 (2009) ("The standards applicable to reconsideration of non-final decisions are set forth in Rules 54(b) and 59(a) . . . ."); *Pinckney v. United States*, 85 Fed. Cl. 392, 393 (2009) (same); *Wolfchild v. United States*, 68 Fed. Cl. 779, 784 (2005) ("This case remains in an interlocutory posture, and consequently the government's motion for reconsideration falls under RCFC 54(b) and RCFC 59(a) . . . .").

RCFC 54(b) specifies that a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Under RCFC 59(a)(1), the Court may grant a motion for reconsideration:

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court;
>
> (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or
>
> (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

"Reconsideration under RCFC 54(b) is available 'as justice requires'"—a "less 'rigorous'" standard than the standard for reconsideration of final judgments. *Martin v. United States*, 101 Fed. Cl. 664, 670–71 (2011). "Justice" may require reconsideration when:

> [T]he court "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error *not of reasoning*, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court."

*L-3 Commc'ns*, 98 Fed. Cl. at 49 (emphasis added) (quoting *Potts v. Howard Univ. Hosp.*, 623 F. Supp. 2d 68, 71 (D.D.C. 2009)). The Court should not grant a motion for reconsideration when the moving party "'merely reassert[s] arguments which were previously made and were carefully considered by the court.'" *Pinckney v. United States*, 90 Fed. Cl. 550, 555 (2009) (quoting *Bannum, Inc. v. United States*, 59 Fed. Cl. 241, 243 (2003)). This is the case even under the "less rigorous" standard for reconsideration of interlocutory orders. *Martin*, 101 Fed. Cl. at 671; *L-3 Commc'ns*, 98 Fed. Cl. at 49.

Defendant argues that the "transformative effect" of the Opinion will result in manifest injustice. Mot. for Recons. 4–5. Defendant claims that the Opinion "effectively void[s] the agency regulations and their purpose" and "potentially nullifies countless living quarters allowance and Office of Personnel [Management] ("OPM") determinations made pursuant to the agency regulations." *Id.* at 4. Defendant seems to argue that (1) the Opinion is legally incorrect, (2) courts and OPM will follow that legal "mistake," and (3) the result of many other living-quarters cases will therefore change, thereby causing manifest injustice.

Defendant is seeking to obtain "an additional chance to sway the court." *Martin*, 101 Fed. Cl. at 671 (quoting *Matthews v. United States*, 73 Fed. Cl. 524, 525 (2006) (internal quotation marks omitted)); *accord L-3 Commc'ns*, 98 Fed. Cl. at 49. Defendant's argument is premised on defendant's assumption that the Opinion is legally incorrect. But defendant has already litigated this question in its motion for summary judgment, and it cites no change in controlling law[1] or previously unavailable evidence. Instead, defendant merely repeats its previous arguments—an effort that cannot support reconsideration. *Pinckney*, 90 Fed. Cl. at 554 ("Motions for reconsideration should not be entertained upon the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged." (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999)) (internal quotation marks omitted)). Since defendant relies only on its previous arguments and cites no contrary controlling law, the Court declines to grant defendant's motion for reconsideration.

## CONCLUSION

In view of the foregoing, the Court hereby **DENIES** defendant's motion for reconsideration.

**IT IS SO ORDERED.**

 s/ George W. Miller
GEORGE W. MILLER
Judge

---

[1] A closely related case, *Roberts v. United States*, 104 Fed. Cl. 598 (2012), is currently on appeal before the United States Court of Appeals for the Federal Circuit, case number 2012-5113.