# In the United States Court of Federal Claims

No. 13-112C
(Filed: March 18, 2013)
**NOT FOR PUBLICATION**

| | |
|---|---|
| RALPH TAYLOR, | ) |
| | ) |
| <u>Pro Se</u> Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO AMEND

Pending before the court is <u>pro se</u> plaintiff Mr. Ralph Taylor's motion for reconsideration and motion to amend his pleadings. The court **DENIES** Mr. Taylor's motions.

Mr. Taylor moves for reconsideration of this court's decision dismissing his case for lack of subject matter jurisdiction and for failure to state a claim. Rules 59(a) and 60(b) of the Rules of the Court of Federal Claims ("RCFC") set forth the applicable standards for reconsideration and relief from final judgments or orders. To be entitled to reconsideration under RCFC 59(a), Mr. Taylor "must do more than merely reassert[] arguments which were previously made and carefully considered by the court." <u>Bannum, Inc. v. United States</u>, 59 Fed. Cl. 241, 243 (2003). Rather, Mr. Taylor must show "(1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." <u>Osage Tribe of Indians of Okla. v. United States</u>, 97 Fed. Cl. 345, 348 (2011). RCFC 60(b) further provides that relief from a final judgment, order or proceeding may be granted for several enumerated reasons, such as mistake or fraud, as well as "any other reason that justifies relief."

In addition, Mr. Taylor's post-judgment motion to amend his complaint and for reconsideration may be denied if the proposed amendment would be futile. See <u>Stueve</u>

Bros. Farms, LLC v. U.S., 107 Fed. Cl. 469, 476 (2012) (discussing various standards for a post-judgment motion to amend).  A motion to amend may be found futile if the proposed amended complaint fails to state a claim upon which relief may be granted.  Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V., 464 F.3d 1339, 1354-55 (Fed. Cir. 2006).

In his motion, Mr. Taylor states that he mistakenly named a federal official as the defendant to his breach of contract claim, rather than the United States.  Mr. Taylor seeks to amend his complaint to include the United States as the proper defendant, and for reconsideration of his breach claim.  The court previously dismissed Mr. Taylor's case for lack of subject matter jurisdiction because Mr. Taylor's complaint alleged a claim against an individual federal official rather than the United States.  Taylor v. United States, No. 13-112C, 2013 WL 638885, at *2 (Fed. Cl. Feb. 19, 2013).

However, the court also held that even if Mr. Taylor's complaint had properly alleged a non-frivolous contract with the United States rather than an individual federal official, Mr. Taylor could not allege the necessary facts to support his breach of contract claim.  Id. at *2-3.  The court sua sponte dismissed Mr. Taylor's claim for failure to state claim upon which relief could be granted.  Id. at *3.  Therefore, as this court's prior opinion makes clear, even if Mr. Taylor were to amend his complaint to properly include the United States as a defendant, such an amendment has already been considered by the court, and would be futile.  Kemin Foods, 464 F.3d at 1354-55 ("When a party faces the possibility of being denied leave to amend on the ground of futility, that party must demonstrate that its pleading states a claim on which relief could be granted, and it must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion."); Bannum, 59 Fed. Cl. at 243 (to be entitled to reconsideration, a party must do more than reassert arguments that "were previously made and were carefully considered by the court").  Moreover, to the extent Mr. Taylor is generally alleging a breach of fiduciary duty against the United States, such a claim is classified as a tort, and beyond the scope of this court's jurisdiction.  Newby v. United States, 57 Fed. Cl. 283, 294 (2003).

Mr. Taylor provides no other grounds for relief under RCFC 59(a) or 60(b).  For these reasons, Mr. Taylor's motion for reconsideration and motion to amend his complaint are **DENIED**.

**IT IS SO ORDERED.**

> s/ Nancy B. Firestone
> NANCY B. FIRESTONE
> Judge