**Wonderlyn Lorraine Bell PINCKNEY,
Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 06–803C.

United States Court of Federal Claims.

July 29, 2008.

**628**

Wonderlyn Lorraine Bell Pinckney, Georgetown, SC, pro se.

Michael Francis Kiely, with whom were Thomas J. Marshall, Managing Counsel, Civil Practice Section, United States Postal Service, Washington, DC, and Gregory G. Katsas, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION

EMILY C. HEWITT, Judge.

Before the court is Plaintiff's Motion for Reconsideration of Court's Opinion (Plaintiff's Motion for Reconsideration or Pl.'s Mot. for Reconsideration), filed on June 16, 2008 and Defendant's Opposition to Plaintiff's Motion for Reconsideration (defendant's Opposition or Def.'s Opp.), filed on July 3, 2008. Plaintiff moves the court for reconsideration of the court's March 28, 2008 Opinion, *Pinckney v. United States* (*Pinckney* or the Opinion), 81 Fed.Cl. 207 (2008), denying plaintiff's Motion for Summary Judgment (plaintiff's Motion for Summary Judgment or Pl.'s Mot. Summ. J.), and plaintiff's Motion to Dismiss Defendant's Counterclaim (plaintiff's Motion to Dismiss Defendant's Counterclaim or Pl.'s Mot. to Dismiss Def.'s Countercl.), Pl.'s Mot. for Reconsideration 1. Plaintiff files this Motion for Reconsideration based upon her belief that "many of the statements in the [c]ourt's Opinion were misquoted, overlooked, incomplete, or lacking clarification."

*Id.* at 2. For the following reasons, plaintiff's Motion for Reconsideration is DENIED.

## I. Background

The facts of this case are set forth in detail in *Pinckney*, 81 Fed.Cl. at 208–13, but are briefly discussed below. "This case concerns the events of Saturday, July 2, 2005 and plaintiff's subsequent termination." *Id.* at 209. Pro se plaintiff Wonderlyn Lorraine Bell Pinckney was under contract with the United States Postal Service (USPS) to deliver mail to residential and commercial mailboxes in Pawley's Island, South Carolina. *Id.* On July 2, 2005 she called Postmaster Todd Lee to "inform[ ] him that 'she was unable to deliver mail at the beach area of her delivery route due to the presence of people and cars that were impeding her access to mailboxes in that area.'" *Id.* (quoting Defendant's Answer and Counterclaim (defendant's Answer or Def.'s Answer) ¶ 18). "Plaintiff was advised by Postmaster Lee to finish the rest of her route and attempt delivery to the beach area a second time." *Id.* After it was reported to Postmaster Lee that plaintiff had returned to the post office "with 'quite a bit' of undelivered mail," Postmaster Lee stated that he "drove to the post office[,] . . . 'inventoried the undelivered mail[,] and wrote down the addresses of each envelope.'" *Id.* (quoting Appendix to Defendant's Proposed Findings of Uncontroverted Facts (Def.'s Facts App.) 154 (Declaration of H. Todd Lee, Postmaster, United States Postal Service (Lee Declaration))). Postmaster Lee further alleges that "there were 'approximately 102 pieces of undelivered mail, including approximately 53 pieces of first class mail,'" *id.* (quoting Def.'s Answer ¶ 20), that "'the undelivered mail was addressed to approximately 25 locations on plaintiff's route, including many locations that were not located near the beach,'" *id.* (quoting Def.'s Answer ¶ 21), and that "[he] then personally delivered all the mail that plaintiff had failed to deliver," *id.*

Postmaster Lee subsequently informed Keith Harris, the contracting officer, of the events and alleges that he sent Harris, "'documents pertaining to the event, including photographs and statements signed by Ms.

Fox and Mr. Kirchner [Postal Service clerks on duty at the Pawley's Island Post Office on July 2, 2005].' " *Id.* (quoting Lee Declaration ¶ 7). On July 7, 2005, Harris sent a Show Cause Notice to plaintiff asking her to " 'provide a written explanation of [her] actions' on July 2, 2005." *Id.* at 210 (quoting Def.'s Answer, Ex. 1) (alteration in original). In her response to the Show Cause Notice, plaintiff alleged that "when she called Postmaster Lee on July 2, 2005 to inform him that she was unable to deliver some of the mail he became hostile and she hung up the phone." *Id.* She further stated, " 'I NEVER, NEVER, NEVER FAIL TO DELIVER THE U.S. MAIL. I DID NOT SKIP ANY MAILBOX THAT I COULD DELIVER TO. I'VE PROVEN MY COMMITMENT TO THE U.S. POSTAL SERVICE OVER THE YEARS, WITHOUT QUESTION.' " *Id.* (quoting Def.'s Answer, Ex. 2). On August 8, 2005, Harris sent plaintiff a letter terminating her contract. *Id.*

"[P]laintiff ... filed a complaint in this court on December 29, 2006, alleging wrongful termination by the [USPS]." *Id.* at 208. "Plaintiff claims that 'Postmaster Todd Lee falsif[ied] documents, mail, and gave misleading reports to Postal officials to have [her] contract terminated'.... [She] 'pray[s] to recover the cost of [f]uture [c]ontracts and further relief as this court may seem proper.' " *Id.* (quoting Pl.'s Compl.) (alterations in original). On March 20, 2007, defendant filed defendant's Answer in which it "denied plaintiff's allegations and counterclaimed for damages for breach of contract in the amount of $1,720.24." *Id.* (internal citations omitted). "On November 28, 2007, after a period of discovery, plaintiff filed her Motion to Dismiss Defendant's Counterclaim on the grounds that '[d]efendant failed to disclose to the court the withholding of plaintiff's final pay' and that defendant filed its claim for damages in retaliation for her exercising her rights in a court of law." *Id.* (quoting Pl.'s

Mot. to Dismiss Def.'s Countercl.) (alteration in original). "Also on November 28, 2007, plaintiff filed her Motion for Summary Judgment seeking judgment on the ground that the reason given by the USPS for her termination was unfounded." *Id.* (quoting Pl.'s Mot. Summ. J. 1–2).

On March 28, 2008, after careful consideration [1], this court denied both plaintiff's Motion to Dismiss Defendant's Counterclaim and plaintiff's Motion for Summary Judgment. *Id.* at 219. With regard to plaintiff's Motion to Dismiss Defendant's Counterclaim, the court found that there was no authority that required defendant to disclose its withholding a payment from plaintiff which would have the effect of partially setting off its counterclaim, *id.* at 218, and that defendant's counterclaim was a compulsory counterclaim and therefore could not be construed as retaliatory, *id.* at 219. With regard to plaintiff's Motion for Summary Judgment, the court stated that "[i]n order to prevail, plaintiff must demonstrate that there is no 'genuine issue' as to whether she deposited all mail into the appropriate customer mailboxes." *Id.* at 214 (internal quotation omitted). The court found that the parties had presented conflicting sworn statements about whether plaintiff had delivered all deliverable mail on July 2, 2005.[2] *Id.* at 218. These conflicting statements left a genuine issue of material fact, thus making summary judgment inappropriate. *Id.*

## II.  Standard of Review

The standards applicable for reconsideration of non-final decisions are set forth in Rules 54(b) and 59(a) of the Rules of the United States Court of Federal Claims (RCFC). RCFC 54(b) provides that "any order or other form of decision ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

---

1.  Of course, the court does not believe that "careful consideration" guarantees that a particular result is correct, or would be so viewed by a reviewing court.

2.  The court found that the "declarations of Postmaster Lee and the depositions of Deborah Fox and Kenneth Kirchner, all ... testify to the exis-

tence of non-delivered mail and all ... conflict with plaintiff's argument and deposition testimony disputing that there was undelivered mail on July 2, 2005." *Pinckney v. United States* (*Pinckney* or the Opinion), 81 Fed.Cl. 207, 216 (2008) (internal quotations omitted).

**630**

RCFC 54(b). RCFC 59(a) provides that, "rehearing or reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." RCFC 59(a)(1).

■■■ "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed.Cir.1990). "The court must consider such motion with 'exceptional care.'" *Henderson County Drainage Dist. No. 3 v. United States*, 55 Fed.Cl. 334, 337 (2003) (quoting *Fru–Con Constr. Corp. v. United States*, 44 Fed.Cl. 298, 300 (1999)). "A motion for reconsideration is not intended, however, to give an 'unhappy litigant an additional chance to sway' the court." *Matthews v. United States (Matthews)*, 73 Fed.Cl. 524, 525 (2006) (quoting *Froudi v. United States*, 22 Cl.Ct. 290, 300 (1991)). The moving party must support its motion for reconsideration by a showing of exceptional circumstances justifying relief, based on a manifest error of law or mistake in fact. *Henderson County Drainage Dist. No. 3*, 55 Fed.Cl. at 337; *Principal Mut. Life Ins. Co. v. United States*, 29 Fed.Cl. 157, 164 (1993). "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Matthews*, 73 Fed.Cl. at 526 (citing *Griswold v. United States*, 61 Fed.Cl. 458, 460–61 (2004)). Accordingly, "the movant ... must do more than 'merely reassert[ ] arguments which were previously made and carefully considered by the court.'" *Bannum, Inc. v. United States*, 59 Fed.Cl. 241, 243 (2003). Further, a party may not "prevail on a motion for reconsideration by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." *Matthews*, 73 Fed.Cl. at 525–26 (citing *Lamle v. Mattel, Inc. (Lamle)*, 394 F.3d 1355, 1359 n. 1 (Fed.Cir.2005)).

**II. Discussion**

Plaintiff argues that "many of the statements in the [c]ourt's Opinion were misquoted, overlooked, incomplete, or lacking clarification," Pl.'s Mot. for Reconsideration ¶ 1, and lists 17 bases for why the court should grant her motion for reconsideration, *id.* at ¶¶ 2–17. Defendant responds that "not one of these bases rises to the exceptional circumstances necessary to grant plaintiff reconsideration of the [c]ourt's opinion and order." Def.'s Opp. 3–4. The court agrees with defendant that plaintiff fails to demonstrate any of the three circumstances which would support reconsideration: the occurrence of an intervening change in the controlling law, the availability of previously unavailable evidence, or the necessity of allowing the motion to prevent manifest injustice.

Plaintiff's first issue with the court's Opinion is that the court misconstrued how long plaintiff had been employed under contract number Highway Contract Route (HCR) 29585 with the USPS prior to the events in question. *See* Pl.'s Mot. for Reconsideration ¶ 2 ("The court's opinion indicated 2001 contract was renewed for a second time on February 17, 2005.... There were in excess of (6) contract renewals"). In its Opinion, the court stated, "The 2001 contract was a renewal of a previous contract and was for a four-year term.... The 2001 contract was renewed for a second time on February 17, 2005 and was to run from July 1, 2005 until March 31, 2009." *Pinckney*, 81 Fed.Cl. at 209. While the court notes that this language could be misinterpreted to imply that plaintiff had only entered into three contracts with the USPS (the contract previous to the 2001 contract, the 2001 contract, and the 2005 contract), the interpretation of the language complained of was irrelevant to the court's disposition of plaintiff's motions. How long plaintiff had been employed with the USPS is not a material fact for the purposes of RCFC 56(c), because neither party has contested that, at the time of the incidents on July 2, 2005, HCR 29585 was in effect. Therefore, any ambiguity in the Opinion regarding the number of times plaintiff and the USPS renewed contract number

HCR 29585 is not a valid basis for reconsideration of the Opinion.

Plaintiff's next issue with the Opinion is that she believes the court is factually incorrect regarding the date that H. Todd Lee (Todd Lee) became postmaster of the Pawley's Island, South Carolina post office. Plaintiff states, "Todd Lee was not the postmaster in 2001. Todd Lee became the postmaster of Pawley's Island in or around February 2005." Pl.'s Mot. for Reconsideration ¶ 3. The court did not state when Todd Lee became postmaster for Pawley's Island. *See Pinckney,* 81 Fed.Cl. at 209. The court merely stated that "H. Todd Lee is the postmaster at Pawley's Island, South Carolina." *Id.* Further, the court cited this fact to paragraph 18 of defendant's Answer, which states, "On Saturday, July 2, 2005, plaintiff ... called by telephone H. Todd Lee, the postmaster at Pawley's Island, South Carolina...." Def.'s Answer ¶ 18. Because neither the court nor the parties had specified the date upon which Todd Lee became Postmaster, the court was under no misconception as to when this occurred. Even if the court had been mistaken as to when Todd Lee became postmaster for Pawley's Island, the date upon which he became postmaster is not a material fact because it is not disputed that he was the postmaster on July 2, 2005. Accordingly, this is not a valid basis for reconsideration of the Opinion.

■ Plaintiff also argues that the court should reconsider its disposition of her motions because of inconsistencies between the Show Cause Notice of July 7, 2005 issued by Keith Harris and the declarations made by Todd Lee and Keith Harris on January 16, 2008 and January 17, 2008, respectively. Pl.'s Mot. for Reconsideration ¶¶ 4–7. However, plaintiff argued this issue both in her Motion for Summary Judgment and in Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaim (plaintiff's reply or Pl.'s Reply). *See* Pl.'s Mot. Summ. J. 2–4; Pl.'s Reply 2–4. Based upon plaintiff's arguments, the court took these inconsistencies, as well as the inconsistencies between the list

of addresses to which Todd Lee alleges mail was not delivered on July 2, 2005 and the Show Cause Notice of July 7, 2005, into account when rendering its initial decision. *See Pinckney,* 81 Fed.Cl. at 216–17. The court stated:

> The court understands plaintiff to argue that the discrepancies between these two items demonstrate the falsity of Postmaster Lee's allegations. Plaintiff's argument regarding the discrepancies between defendant's list of addresses and the show cause notice, however, does not negate other evidence that plaintiff returned to the post office with undelivered mail on July 2, 2005.

*Id.* at 216–17 (footnote and citations omitted). Further, the court directly cited the declaration of Keith Harris, which plaintiff now points to as grounds for reconsideration, stating, "According to defendant, the show cause notice sent to plaintiff on July 7, 2005 'mistakenly stated that Ms. Pinckney "'returned to the office with mail for approximately 25 houses for Ocean Highway (not the beach area),'" instead of saying that Ms. Pinckney returned to the office with mail for approximately 25 houses, some of which were for Ocean Highway (not the beach area).'" *Id.* (quoting Def.'s Facts App. 158–164 (Declaration of Keith L. Harris, Contracting Officer, United States Postal Service) (Harris Declaration) ¶ 13); Pl.'s Mot. for Reconsideration ¶ 7. Despite these inconsistencies, which defendant acknowledged, the court agreed with defendant that, "'The fact that the [Show Cause Notice] incorrectly stated 25 addresses were not in the beach area, when nine addresses were in the [beach] area, did not vitiate the [Show Cause Notice] and did not deny Ms. Pinckney adequate opportunity to respond to the allegations.'" *Pinckney,* 81 Fed.Cl. at 217 (quoting Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Defendant's Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaim (defendant's Response or Def.'s Resp.) 12–13). Because plaintiff already put forward these arguments, *see* Pl.'s Mot. Summ. J. 2–4; Pl.'s Reply 2–4, and the court commented upon them in its Opinion, *see Pinckney,* 81

Fed.Cl. at 216–17, plaintiff is merely reasserting an argument that was previously made and carefully considered by the court. Reassertion of an argument previously made and carefully considered is not a valid basis for reconsideration of the Opinion. *See Bannum, Inc.*, 59 Fed.Cl. at 243.

Plaintiff next asserts that the court overlooked an admission by Todd Lee that he "photographed the mail after delivering the mail." Pl.'s Mot. for Reconsideration ¶ 8. However, as defendant argues in its Opposition, "Mr. Lee stated that he sent photographs of the undelivered mail to the contracting officer, but nowhere did he make the preposterous statement that he took photographs of the mail after he delivered it." Def.'s Opp. 6. Defendant makes this argument based upon a close examination of the Declaration of Todd Lee, *id.* at 5–6, the same source plaintiff refers to in her Motion for Reconsideration, Pl.'s Mot. for Reconsideration ¶ 8. In that declaration, Todd Lee stated

> About 1:50 p.m. on the same day, Saturday, July 2, 2005, Ms. Fox called me back to advise me that Ms. Pinckney had returned to the post office with "quite a bit" of undelivered mail.... I inventoried the undelivered mail and wrote down the addresses of each envelope....
>
> After documenting the addresses of the undelivered mail from Ms. Pinckney's route, I loaded the mail into my personal vehicle and delivered the mail myself.
>
> Subsequently, I notified Keith Harris ... about this irregularity, and sent him documents pertaining to the event, including photographs and statements signed by Ms. Fox and Mr. Kirchner.

Def.'s Facts App. 154 (Lee Declaration) ¶¶ 5–7. Based upon this language, it is clear that Todd Lee never states that he took photographs of the mail after he delivered it, only that he sent those photographs after he had delivered the mail. Because the court did not overlook an admission by Todd Lee that he took photographs of the mail after he delivered it, plaintiff's argument does not present any basis for reconsideration of the Opinion.[3]

Plaintiff also asserts as a basis for reconsideration that "the Declaration of Todd Lee and the Court's Opinion have stated statements of Ms. Fox and Mr. Kirchner were given on July 2, 2005, [while] their statements were taken on July 21, 2005." Pl.'s Mot. for Reconsideration ¶ 9. While the point is not entirely clear, it appears that plaintiff believes that the court overlooked what date the statements of Ms. Fox and Mr. Kirchner were actually taken. *See id.* Plaintiff appears to argue that the fact that the statements were not taken until July 21, 2005 undermines their credibility to such an extent that they are no longer viable statements, or supports an inference that they were never made. *See id.* Plaintiff has not identified where this allegedly false statement is found in the Opinion and the court has been unable to locate this error.[4] Defendant's counsel was similarly unable to locate this error. *See* Def.'s Opp. 6. Neither can the court find such a statement in the Lee Declaration. *See* Lee Declaration *passim.* Lee simply does not ascribe any date to the statements signed by Ms. Fox and Mr. Kirchner. *See id.* at ¶ 7 ("Subsequently I notified Keith Harris ... about this irregularity, and sent him documents pertaining to the event, including photographs and statements signed by Ms. Fox and Mr. Kirchner.") Not only can the court not find the error alleged by plaintiff, such an error (if it existed) would

---

**3.** The court also considered plaintiff's argument that such photographs did not actually exist in rendering its initial decision. *Pinckney*, 81 Fed.Cl. at 216 ("Plaintiff questions whether the alleged piles of undelivered mail were in fact photographed.... However, regardless of the existence of photographs of the undelivered mail, ... there is a genuine issue of material fact regarding whether plaintiff returned to the post office on July 2, 2005 with undelivered mail.") Therefore, if plaintiff's argument is construed as an assertion that no photographs existed, this argument was already considered by the court and is thus not a proper grounds for reconsideration.

**4.** In various places, the court quotes Ms. Fox or Mr. Kirchner as beginning, "On July 2, 2005, ..." and going on to state what they witnessed on that day. *See Pinckney*, 81 Fed.Cl. at 215–16. This phrasing, however, does not imply that the court believed either deponent gave her or his testimony on July 2, 2005, only that the deponents were referring to July 2, 2005, on the day they made their statements.

also not constitute a manifest error in law or mistake of fact that would make appropriate reconsideration of the court's denial of plaintiff's Motion for Summary Judgment. This is because—regardless of when the statements were taken—the depositions of Ms. Fox, Mr. Kirchner, and Todd Lee are all at odds with plaintiff's statements that there was no undelivered mail, such that there remains a genuine issue of material fact that must be decided at trial.[5] Accordingly, this argument is not a basis for reconsideration of the Opinion.

Plaintiff also argues that this court overlooked the most important part of Mr. Kirchner's deposition, that "[he] did notice one (1) of the addresses was Salt Marsh Cove. This was the only address [he] noticed." Pl.'s Mot. for Reconsideration ¶ 10. However, plaintiff does not make clear why this was the most important part of Mr. Kirchner's testimony, or why omission of this fact from the court's Opinion would work a manifest injustice upon her.[6] Because plaintiff has not shown why this omission is significant, this argument does not present any basis for reconsideration of the Opinion.

■ Plaintiff next argues that she has new evidence that she was wrongfully terminated: a statement by Ms. Fox that was given to Ms. Audrey Smalls to relay to plaintiff. Pl.'s Mot. for Reconsideration ¶¶ 11–12. Plaintiff alleges that she received this evidence in the form of a handwritten statement on May 2, 2007. Id. at ¶ 12. There are several reasons

why this argument does not support plaintiff's Motion for Reconsideration. First, the handwritten statement is not signed or dated, nor does it identify the author in any way. See id. at 7. Because of this, the note cannot be authenticated by the court at this time according to Rule 901 of the Federal Rules of Evidence. Fed.R.Evid. 901(a). While the note may be authenticated at trial by the testimony of Ms. Fox or Ms. Smalls, Fed R. Evid. 901(b)(1), or by testimony that this was the handwriting of Ms. Smalls, Fed. R.Evid. 901(b)(2), such testimony is not available at this time. The note is also inadmissible as double hearsay pursuant to Rules 801 and 802 of the Federal Rules of Evidence because plaintiff is asserting it for the truth of the matter that Todd Lee did not deliver mail that day, based upon what Ms. Smalls wrote that Ms. Fox stated. Fed R. Evid. 801, 802. In addition, if the note was given to plaintiff on May 2, 2007, as alleged, plaintiff had it available to her on November 28, 2007, at the time she filed her Motion for Summary Judgment and her Motion to Dismiss Defendant's Counterclaim. Pinckney, 81 Fed.Cl. at 208. If plaintiff did have access to the note at that time, then it is not a proper ground for reconsideration because a party may not "prevail on a motion for reconsideration by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." Matthews, 73 Fed.Cl. at 525–26 (citing Lamle, 394 F.3d at 1359 n. 1).

5. It is important to note that at the summary judgment stage, "the issue of material fact required ... to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). Because the court determined that there is evidence before it in the form of sworn depositions that plaintiff did not deliver all the mail, see Pinckney, 81 Fed.Cl. at 216, there is a genuine issue of material fact that must be determined at trial. Trial will be the appropriate time for the court to determine the credibility of the witnesses and their testimo-

ny, based upon, among other things, their demeanor while testifying and the consistency of their statements with other evidence in the case.

6. Based upon plaintiff's other arguments, it appears to the court that this argument may be intended to show that all of the addresses for the undelivered mail were not on Ocean Highway, as the Show Cause Notice of July 7, 2005 mistakenly stated. However, this argument was already dealt with by this court when it found that even though some of the addresses on the undelivered mail were on the beach area, this did not make summary judgment appropriate. See Pinckney, 81 Fed.Cl. at 217 ("Plaintiff's argument regarding the discrepancies between defendant's list of addresses and the show cause notice, however, does not negate other evidence that plaintiff returned to the post office with undelivered mail on July 2, 2005.")

Because the note sought to be used as evidence cannot be authenticated, constitutes hearsay, and was available to plaintiff before her initial motions, it does not provide a basis for reconsideration of the Opinion.

Plaintiff next argues for reconsideration on the grounds that the court misquoted her on page 18, lines 7 to 12 of its Opinion. Pl.'s Mot. for Reconsideration ¶ 13. However, after a review of its Opinion and Plaintiff's Response to Defendant's Proposed Findings of Uncontroverted Fact (plaintiff's Response to defendant's Facts or Pl.'s Resp. to Def.'s Facts), the court finds that it did not misquote plaintiff. The court stated:

> Plaintiff maintains that she "did not default on this contract," Pl.'s Resp. to Def.'s Facts ¶ 7, and that "all mail was deposited in mailboxes as addressed, when access to the box wasn't obstructed," *id.* at ¶ 9. Plaintiff points out that Postmaster Lee never called her to ask why she returned to the post office with the allegedly undelivered mail and he never issued her a Form 5500.[7] *Id.* at ¶ 14.

*Pinckney*, 81 Fed.Cl. at 217–18. It is true that the court did not include in its Opinion all the statements made by plaintiff in paragraphs 7–14 of plaintiff's Response to defendant's Facts, *compare Pinckney*, 81 Fed.Cl. at 217–18, with Pl.'s Resp. to Def.'s Facts ¶¶ 7–14. However, the court did not misquote plaintiff. *See Pinckney*, 81 Fed.Cl. at 217–18. The first quote referred to by plaintiff in paragraph 13 of her Motion for Reconsideration, Pl.'s Mot. for Reconsideration ¶ 13 ("I did not return with deliverable mail. The only occasion that would warrant me returning with deliverable mail would be if that customer box is [unaccessible] to deliver."), is found at paragraph 11 of plaintiff's Response to defendant's Facts. *See* Pl.'s Resp. to Def.'s Facts ¶ 11. The court is not quoting from paragraph 11 of plaintiff's Response to defendant's Facts on page 18, lines 7–12 of

its Opinion. *See Pinckney*, 81 Fed.Cl. at 217–18. With regard to the second quote referred to by plaintiff in paragraph 13 of her Motion for Reconsideration, addressing paragraph 14 of plaintiff's Response to defendant's Facts, the court did not directly quote plaintiff, and the statements the court included in the Opinion are fair and accurate representations of what plaintiff stated. *Compare Pinckney*, 81 Fed.Cl. at 217–18, *with* Pl.'s Resp. to Def.'s Facts ¶¶ 7–14. Because the court did not misquote plaintiff, this argument provides no basis for reconsideration of the Opinion.

Plaintiff next states, "Let's remember, this is the same Postmaster Todd Lee who rated me very high for my Quarterly Job Performance on Friday, July 1, 2005." Pl.'s Mot. for Reconsideration ¶ 14. This statement does not show the occurrence of an intervening change in the controlling law, the availability of previously unavailable evidence, or a manifest error of law or mistake of fact in the court's Opinion. Therefore, it provides no basis for reconsideration of the Opinion. *See Matthews*, 73 Fed.Cl. at 526.

Plaintiff next argues that the court misconstrued her argument in footnote 11 of its Opinion. Pl.'s Mot. for Reconsideration ¶ 15. In footnote 11, the court stated, "Arguing both that there was no undelivered mail brought back to the post office and that some mail could not be delivered because the mailboxes were blocked is a problem...." *Pinckney*, 81 Fed.Cl. at 218 n. 11. Plaintiff contends that

> Plaintiff [has] never argued that mail was brought back to the Post Office and that some mail could not be delivered because mailboxes were blocked, Plaintiff called Postmaster Todd Lee and reported a serious problem, I did as he instructed me. I deviated, and returned to deliver the beach area of the route escorted by the Pawley's Island Police.

---

7. A Form 5500 is issued by the Postal Service "[w]hen an HCR contractor fails to adhere to the requirements of its contract, which usually consists of not meeting the delivery schedule or using broken or unsafe equipment." Def.'s Facts App. 159 (Declaration of Keith L. Harris. Contracting Officer, United States Postal Service) (citation omitted). "The Form 5500 advises the contractor in writing of the nature of the irregularity and offers it an opportunity to reply. Once issued, copies of Form 5500s are maintained in a contractor's file at the local issuing office. The Postal Service uses Form 5500 to document all service irregularities on HCR contracts." *Id.* at 159–60; *see, e.g.,* Def.'s Facts App. 76–83 (Form 5500s issued to plaintiff).

Pl.'s Mot. for Reconsideration ¶ 15. However, upon re-examination of the record, the court finds that its characterization of plaintiff's argument accurately reflected the materials before it. Plaintiff stated that "[t]he only mail at [her] desk in a flat tub was HOLD MAIL," Pl.'s Mot. Summ. J. 4, and that "there was no undelivered mail to deliver," Pl.'s Reply 6 (capitals omitted). In Plaintiff's Response to defendant's Facts, however, plaintiff states, "Absolutely all mail was deposited in mailboxes as addressed, *when access to the box wasn't obstructed,*" Pl.'s Resp. to Def.'s Facts ¶ 9 (emphasis added), and *"I did not return with deliverable mail.* The only occasion that would warrant me returning with deliverable mail would be if that customer box is unaccessible to deliver," *id.* at ¶ 11 (emphasis added). The court read these statements are indicating that plaintiff "appears to argue ... that any undelivered mail that she brought back to the Post Office on July 2, 2005 could not be delivered because the mailboxes were blocked." *Pinckney,* 81 Fed.Cl. at 217. In its opinion the court queried: "if the only mail in the flat tub was 'hold mail,' what happened to the mail that could not be delivered because the mailboxes were blocked?" *Pinckney,* 81 Fed.Cl. at 218 n. 11. The conclusion that plaintiff "appears to argue ... that any undelivered mail that she brought back to the Post Office on July 2, 2005 could not be delivered because the mailboxes were blocked," *Pinckney,* 81 Fed.Cl. at 217, is supported by the many references to blocked mailboxes in the parties' briefing, Lee Declaration ¶ 4 ("Ms. Pinckney told me that she was unable to deliver mail to the beach area of her route, due to the presence of people that were blocking her from accessing certain mailboxes."); Defendant's Answer and Counterclaim (defendant's Answer or Def.'s Answer) Ex. 2 (plaintiff's Response to Show Cause Notice stating that plaintiff "called Postmaster Todd Lee to report problems in [her] attempt to deliver the mail"); Pl.'s Mot. Summ. J. 5–8 (notes taken by plaintiff regarding complaints she made concerning mailboxes being blocked along her route); Pl.'s Mot. Summ. J. 9 (Form 4056 given to customers whose "Mailbox Needs Attention"). Accordingly, the court accu-

rately stated plaintiff's position(s): first, that she did not return with any mail, and, second, that she did not return with any mail that it was possible to deliver. *Pinckney,* 81 Fed.Cl. at 218 n. 11.

Furthermore, plaintiff never mentioned—prior to filing her Motion for Reconsideration—that she was escorted by the Pawley's Island Police upon her return to the beach area on July 2, 2005. See Plaintiff's Complaint (Compl.) *passim;* Plaintiff's Response to Defendant's Answer *passim;* Pl.'s Mot. Summ. J. *passim;* Pl.'s Mot. To Dismiss Def.'s Countercl. *passim;* plaintiff's Proposed Findings of Uncontroverted Facts[ ] (plaintiff's Facts or Pl.'s Facts) *passim;* Pl.'s Resp. to Def.'s Facts *passim;* Pl.'s Reply *passim.* If plaintiff was in fact escorted by the police on July 2, 2005, this information was available to plaintiff on November 28, 2007, at the time she filed her Motion for Summary Judgment and her Motion to Dismiss Defendant's Counterclaim. *Pinckney,* 81 Fed.Cl. at 208. As previously discussed, a party may not "prevail on a motion for reconsideration by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." *Matthews,* 73 Fed.Cl. at 525–26 (citing *Lamle,* 394 F.3d at 1359 n. 1). Even if plaintiff never argued that she returned to the post office with mail because it could not be delivered due to blocked mailboxes, there remains a genuine issue of material fact as to whether plaintiff delivered all mail on July 2, 2005. *See Pinckney,* 81 Fed.Cl. at 215–18. Based on the foregoing, the court is not persuaded that the Opinion contains a manifest error in law or mistake in fact that would justify reconsideration.

Finally, plaintiff argues that the statements of "Postmaster Todd Lee and Contracting Officer Keith Harris ... are extremely inconsistent," Pl.'s Mot. for Reconsideration ¶ 16, while "[t]he statements of Ms. Deborah Fox and Mr. Kenneth K[i]rchner are very consistent," *id.* at ¶ 17. Again, plaintiff has made this argument previously, and the court commented upon it in its Opinion. *See Pinckney,* 81 Fed.Cl. at 216–17 ("The court understands plaintiff to argue that

the discrepancies between these two items demonstrate the falsity of Postmaster Lee's allegations. Plaintiff's argument regarding the discrepancies between defendant's list of addresses and the show cause notice, however, does not negate other evidence that plaintiff returned to the post office with undelivered mail on July 2, 2005.") (internal citations omitted). Because a motion for reconsideration is "not intended ... to give an 'unhappy litigant an additional chance to sway' the court," *Matthews,* 73 Fed.Cl. at 525 (quoting *Froudi v. United States,* 22 Cl. Ct. 290, 300 (1991)), or to "reassert[ ] arguments which were previously made and carefully considered by [that] court," *Bannum, Inc. v. United States,* 59 Fed. Cl. 241, 243 (2003), this argument does not justify reconsideration of the Opinion.

IV. Conclusion

■ Because plaintiff's Motion for Reconsideration failed to show the occurrence of an intervening change in the controlling law, the availability of previously unavailable evidence, or the necessity of allowing the motion to prevent manifest injustice caused by a manifest error of law or mistake in fact, plaintiff's Motion for Reconsideration is DENIED.

The court has before it what appears to be an incomplete contract, *see* Def.'s Facts App. 84–111, 112–52, and conflicting testimony. If the parties are unable to reach a settlement, the court will receive testimony and other evidence on the disputed issues in this case at trial.[8] The court will hold a status conference to clarify the remaining legal and factual issues in this case and to discuss with the parties how best to proceed. The court will contact the parties to schedule the status conference at their early convenience.

IT IS SO ORDERED.

---

8. The parties should bear in mind that "[i]n every trial, the testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise." RCFC 43(a). Testimony given in a deposition may be presented to the court if the declarant is unavailable as a witness. *See* Fed. R.Evid. 804. The RCFC pertaining to use of depositions in Court Proceedings are set forth in Rule 32. RCFC 32. The RCFC provide for broader use of deposition testimony at the discretion of the court. *See* RCFC 32(a)(3). If a witness is called at trial, his or her prior statements taken in a deposition shall not be introduced, but extrinsic evidence (including deposition testimony) of prior inconsistent statements may be presented if "the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require." Fed.R.Evid. 613(b); *see* RCFC 32(a)(1).