**RUSSELL, Christine, Appellant,**

v.

**HECKLER, Margaret.**

No. 86–1281.

United States Court of Appeals, Third Circuit.

Jan. 31, 1989.

Arnold F. Laikin, Philadelphia, Pa., for appellant.

John R. Bolton, Asst. Atty. Gen., Thomas H. Lee, II, Acting U.S. Atty., William Kanter, Mark W. Pennak, Attorneys, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., for appellee.

Before SLOVITER, and STAPLETON, Circuit Judges, and FARNAN, District Judge.*

OPINION OF THE COURT

STAPLETON, Circuit Judge:

When this case was last before us, we held that under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (Supp. III 1985), Christine Russell was entitled to an award of counsel fees and costs incurred by her in her successful defense of a proceeding instituted by the Secretary to recoup an overpayment of social security benefits. *Russell v. Heckler*, 814 F.2d 148 (3d Cir.1987). We so held based on our conclusion that the Secretary's positions on recoupment and the ensuing fee petition were not "substantially justified" as that phrase is used in the EAJA. 28 U.S.C. § 2412(d)(1)(A) (Supp. III 1985).

Following our decision, the Supreme Court granted *certiorari*, — U.S. —, 108 S.Ct. 2891, 101 L.Ed.2d 925 and ulti-

* Honorable Joseph J. Farnan, Jr., United States District Judge for the District of Delaware, sitting by designation.

mately remanded the case to us for reconsideration in light of its decision in *Pierce v. Underwood,* —— U.S. ——, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). We agree with the Secretary that the Supreme Court returned this case to us so that we might review it with two teachings of *Pierce* in mind:

1. A Court of Appeals reviews a decision of a district court denying a petition for fees and costs under the EAJA only to determine whether there has been an abuse of discretion. 108 S.Ct. at 2547.

2. "Substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person" i.e., having a "reasonable basis both in law and in fact." *Id.* at 2550.

Having reconsidered the issues presented in this appeal in light of these two legal standards, we reach the same conclusion. Russell is entitled to an award because the Secretary's position was not "substantially justified" and the district court abused its discretion in concluding otherwise. Our explanation of this result assumes knowledge on the reader's part of the factual setting described in our earlier opinion.

Mrs. Russell's husband died at a time when she had two sons: James, then 15, who lived with her, and Michael, then 9, who was mentally retarded and lived in a nursing home under the custody of the state. Although Mrs. Russell did not pay for Michael's care, she was consulted about his welfare and activities and was "allowed to bring him home for an occasional week." She filed an application with the SSA for mother's benefits, surviving child's benefits, and benefits on behalf of another, i.e. Michael. To qualify for mother's insurance benefits, an applicant must have at least one child in her care. Equally important for present purposes, to be named as payee for a child's benefit, the child must be in the care of the applicant.

The application for mother's benefits contained the following statement:

YOU MUST NOTIFY THE SOCIAL SECURITY ADMINISTRATION PROMPTLY IF:

You MARRY

You NO LONGER HAVE IN YOUR CARE a child or dependent grandchild of the deceased entitled to benefits because he (she) is under 18 or disabled.

Similarly, the "Certificate of Applicant for Benefits on Behalf of Another" required Russell to "agree to notify the Social Security Administration promptly when you [she] no longer had responsibility for the welfare and care of any person for whom you receive payment." Adm.Rec. 76.

Prior to filing these applications, Russell explained Michael's situation to the SSA accurately and in detail and its representative duly recorded on the applications the facts so provided. The SSA representative got her to sign and file the applications and, as a result, Russell believed when she left the SSA office that Michael was sufficiently in her care so that she was entitled to receive benefits as his payee. This impression was confirmed a short time later when she received such benefits for Michael.

James turned 18 and Russell did not notify the SSA because she believed that Michael was in her care and that she remained eligible for mother's benefits. As a result, she thereafter received mother's benefits to which she was not entitled.

The Secretary contended that Russell was not without fault because she should "have read the application and known the simple conditions under which she received benefits," i.e., that she have a child of decedent under 18 in her care; and that she should have followed "the clear instructions given on the application that [she] inform SSA when she no longer met those conditions."

The district court held that the Secretary's finding that Russell was at fault was not supported by substantial evidence. On the other hand, the district court subsequently concluded that the Secretary's position had been substantially justified because there was a reasonable basis for the facts alleged, a reasonable basis in law for the theory advanced, and a reasonable con-

nection between the facts and the legal theory. First, the district court stated that it was not unreasonable for the Secretary "to impute knowledge concerning a basic requirement for eligibility." Second, the court held:

> Given the clear meaning of 'in your care' in the English language, it was not unreasonable for the Secretary to contend that Mrs. Russell should have known that Michael was not in her care and that she was therefore at fault with respect to the overpayments.

The problem with the district court's analysis, as well as with the position of the Secretary, is that it takes into account only the advice contained in the application forms that notice must be given when the applicant no longer has a child in her care. Even assuming that the words "in your care" without more would be sufficient to put Russell on notice that she was ineligible following James's eighteenth birthday, she did not in fact receive this advice in a vacuum. As we observed in our original opinion:

> ... this limited advice was not the only information tendered to Russell by the SSA in connection with her 1974 applications for benefits and cannot be evaluated in isolation. The oral advice that Russell received from SSA office representatives and the message that she received from the Agency's approval of the application in which she had disclosed the relevant facts regarding Michael's situation were reasonably taken by Russell as an application of the "in your care" concept to the specific facts of her case. We reject the Secretary's implicit contention that Russell should have perceived an irreconcilable conflict between the Agency's apparent interpretation of its own requirements and the otherwise unexplained phrase "in your care."

Assuming that Russell was without fault in 1974 in understanding that Michael was in her care, as we find she clearly was, we fail to see how the Secretary can be substantially justified in maintaining that she was "at fault" on and after July 6, 1977 when the only change of circumstance on that date was that Russell reasonably understood she had only one child in her care rather than two. The Secretary's own regulations provide that a recipient failing to report an event because of reliance on statements of Social Security personnel is without fault. 20 C.F.R. § 404.510a (1977) ("Where an individual ... accepts such overpayment because of reliance on erroneous information from an official source within the Social Security Administration ... with respect to the interpretation of a pertinent provision of the Social Security Act or regulations pertaining thereto, ... such individual, in accepting such overpayment, will be deemed to be 'without fault.' "). This is the substance of what occurred in this case ...

Because the Secretary chose to ignore undisputed facts of controlling importance under her regulations, we cannot say that her position was "justified to a degree that could satisfy a reasonable person" or that it had a "reasonable basis both in law and in fact." Moreover, since on the uncontested facts and law, there is no arguable basis for concluding that the Secretary took a position in this proceeding that was substantially justified, the district court abused its discretion in denying the EAJA application. Accordingly, we will remand so that the district court may make an award of fees and costs attributable to the recoupment proceedings in the district court and to the fee petition proceedings in the district court and this court.