**Ava P. TRAHAN, et al., Appellants,**

v.

**Nicholas F. BRADY, Secretary of the Treasury, et al.**

No. 89–5278.

United States Court of Appeals, District of Columbia Circuit.

Argued May 11, 1990.

Decided July 17, 1990.

Neal S. Dudovitz, with whom Gill Deford, Los Angeles, Cal., Michael R. Schuster, and Richard Hubbard, Washington, D.C., were on the brief, for appellants.

Janet Kay Jones, Atty., Dept. of Justice, with whom Shirley D. Peterson, Asst. Atty. Gen., Jay B. Stephens, U.S. Atty., Gary R. Allen, and Ann B. Durney, Attys., Dept. of Justice, Washington, D.C., were on the brief, for appellees.

Before D.H. GINSBURG, SENTELLE and THOMAS, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

This is an appeal from the denial of an application for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Because we find that the District Court did not abuse its discretion in concluding that the government's position in the underlying dispute was substantially justified, we affirm.

## I. BACKGROUND

In 1982 the Social Security Administration ("SSA") embarked on a plan to verify the income and assets of Supplemental Security Income recipients. The SSA, through a mass mailing, asked four million former and current recipients to sign a consent form allowing the SSA to obtain otherwise confidential tax return information. Appellants, present and past recipients of Social Security benefits, filed suit to enjoin the Secretary of the Treasury from releasing tax return information to the SSA. The District Court granted the government's motion to dismiss on jurisdictional grounds. *Trahan v. Regan*, 554 F.Supp. 57 (D.D.C.1982).

On appeal, this case was consolidated with another and this Court reversed the District Court's jurisdictional determinations and decided the merits of this case in favor of appellants. *Tierney v. Schweiker*, 718 F.2d 449 (D.C.Cir.1983). In *Tierney*, this Court held that the consent forms were invalid because they did not comply with IRS regulations specifying that consent documents were to be " 'in the form of a written document pertaining solely to the authorized disclosure,' " and were to state " 'the taxable year covered by the return.' " *Tierney*, 718 F.2d at 455 (quoting 26 C.F.R. § 301.6103(c)–1(a) (1982)). We also stated that "[t]he second, and more important, basis for [this Court's] holding is that these forms ... cannot solicit the type of knowing and voluntary consent that the statute requires before the IRS can release confidential tax information under [I.R.C. § 6103(c)]." *Id.* The forms failed to give valid consent because they "contained poorly-veiled threats that the recipients' benefits would be terminated if they failed to sign ...," and because the forms "failed to notify recipients of their procedural rights if SSA decided to terminate their benefits." *Id.* at 456.

Following remand and entry of declaratory judgment in their favor, appellants moved for attorneys' fees under the EAJA. The District Court granted $25,743.75 in fees and $80.00 in costs. *Trahan v. Regan*, 625 F.Supp. 1163 (D.D.C.1985). A panel of this Court affirmed the District Court's award. *Trahan v. Regan*, 824 F.2d 96 (D.C.Cir.1987). By order of October 26, 1987, we accepted the government's suggestion for *en banc* review, but held the matter in abeyance pending the Supreme Court's decision in *Pierce v. Underwood*,

487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The *en banc* Court then remanded the case to the District Court for reconsideration under the standard specified in *Pierce*. *Trahan v. Regan*, 866 F.2d 1424 (D.C.Cir.1988) (*en banc*). On remand the District Court found that the government's conduct was substantially justified and denied the application for fees. *Trahan v. Regan*, 724 F.Supp. 1005 (D.D.C. 1989). Appellants appeal that decision in the instant action.

## II. ANALYSIS

### A. *Standard of Review*

■ *Pierce* dictates that this Court review the District Court's denial of EAJA fees and its determination that the government's position was substantially justified under the "abuse of discretion" standard. In *Pierce*, the Supreme Court stated that "whether the Government's litigating position has been 'substantially justified' is ... a multifarious and novel question, little susceptible, for the time being at least, of useful generalization, and likely to profit from the experience that an abuse-of-discretion rule will permit to develop." 487 U.S. at 562, 108 S.Ct. at 2548. In an appeal such as this in which the merits of the underlying case have already been decided "the investment of appellate energy will ... fail to produce the normal law-clarifying benefits that come from an appellate decision.... [T]he question of what the Government was substantially justified in believing [the law] to have been is of entirely historical interest." *Id.* at 561, 108 S.Ct. at 2548.

The Supreme Court also supported the abuse of discretion standard by noting that "[b]y reason of settlement conferences and other pretrial activities, the district court may have insights not conveyed by the record ...," and that "even where the district judge's full knowledge of the factual setting can be acquired by the appellate court, that acquisition will often come at unusual expense...." *Id.* at 560, 108 S.Ct. at 2547. Appellants argue that because this Court rather than the District Court initially decided the merits of this case deference to the District Court is inappropriate. Although it is true that the District Court may not have the intimacy with the merits of this case that it has with some other cases, the District Court did decide issues, such as jurisdiction, on which appellants seek the award of attorneys' fees. Moreover, because of the mechanics of appellate review in this case, as in many such cases, no member of the Court who sat on the merits panel is sitting on the attorneys' fees panel. In any event, we find no merit in the argument that the standard of review should turn on the identity of the judges who have heard the case. While the Supreme Court noted that the district court will often be more familiar with the issues than the appellate court, it did not rest its adoption of the abuse of discretion standard upon familiarity alone. *See* 487 U.S. at 559–62, 108 S.Ct. at 2547–48.

*Pierce* also stated that a " 'request for attorney's fees should not result in a second major litigation.' " 487 U.S. at 563, 108 S.Ct. at 2549 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). Appellants argue that this case has already resulted in protracted litigation and that therefore this reason for limited appellate review is inapplicable. As outlined in Part I, *supra*, this case has indeed been protracted. However, that fact neither eliminates nor reduces the applicability of the *Pierce/Eckerhart* rationale. That the litigation is already protracted is hardly justification for making it more so. Furthermore, a rigorous application of abuse of discretion review may in the future result in cases like this being at least one appeal briefer.

Neither of the reasons offered by appellants warrants deviating from the unqualified directive of *Pierce* to review EAJA decisions for abuse of discretion.

### B. *Substantial Justification*

28 U.S.C. § 2412(d)(1)(A) provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was sub-

stantially justified or that special circumstances make an award unjust."[1] In *Pierce*, the Supreme Court held that "substantially justified" means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." 487 U.S. at 565, 108 S.Ct. at 2550. *See also id.* at 566 n. 2, 108 S.Ct. at 2550 n. 2: "[A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."

As we said in *Jones v. Lujan*, 887 F.2d 1096, 1098 (D.C.Cir.1989), "whenever the Government contests an application for fees under EAJA, it must address two issues: first, whether the agency's underlying action that gave rise to the civil litigation is substantially justified; second, whether its position in the civil litigation is substantially justified." The District Court examined both issues. For the reasons set forth below, we uphold the Court's determinations on both issues.

The District Court found that the government's position on the two issues on which the Court of Appeals decided the merits of the case was substantially justified. We note that the District Court did not re-examine the merits of this case. Nor has the government, attempting to demonstrate that its position was substantially justified, reargued the merits. At this point in the controversy it is beyond dispute that the government was wrong; its underlying position on the law was incorrect; it lost. The government now argues, as it must to avoid payment of fees, that its position was reasonable. This is perfectly appropriate and does not constitute an attempt to call the merits of the underlying case into question. The Supreme Court recognized in *Pierce* that a losing party may have taken a substantially justified position. 487 U.S. at 569, 108 S.Ct. at 2552.

The government defended this case in part on jurisdictional grounds. It was on these grounds that it initially won in the District Court. *Trahan*, 554 F.Supp. 57. In the decision under review, the District Court found the government's jurisdictional defense to have been reasonable and stated that "[p]laintiffs offer no substantial argument to the contrary." *Trahan*, 724 F.Supp. at 1013. On appeal appellants likewise offer no reasons for us to find that the District Court abused its discretion except that the government's position was rejected in *Tierney*. This is an insufficient justification for finding an abuse of discretion. At the attorneys' fees stage it will always be the case that the government's position has been rejected. Moreover, "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 569, 108 S.Ct. at 2552. Appellants state that "[t]he IRS has the burden to demonstrate that both its underlying position and its litigation position were reasonable." Appellants' Reply Brief at 11 (emphasis omitted). This is a correct statement of EAJA law at the district court level. On appeal, however, the burden is *on appellants to demonstrate that the District Court abused its discretion*. Appellants have offered no basis for concluding that the District Court committed any abuse of discretion here, and thus we must affirm that Court's determination that the government's jurisdictional position was substantially justified.

In *Tierney* this Court invalidated the consent forms on the basis that they did not meet the requirement set forth in the IRS's own regulations that consent "be in the form of a written document pertaining solely to the authorized disclosure," and that the consent document state the "taxable year covered by the return or return information." 26 C.F.R. § 301.6103(c)–1(a) (1982). The *Tierney* decision held that, because the consent forms contained no expi-

---

1. The government argues that it should be excused from the payment of fees under the "special circumstances" exception. Because we uphold the District Court's determination that the government's position was substantially justified we have no occasion to reach the "special circumstances" issue.

ration date and left the taxable year covered open-ended, the forms were invalid. *Tierney,* 718 F.2d at 455.

The District Court examined this regulation and determined that the position taken by the government was supported by a reasonable, albeit ultimately incorrect, interpretation. The consent forms identified the past years for which information could be released and indicated that consent remained valid for all years in the future. Although this Court read the regulation to mean that the IRS could obtain consent only to release information from a single year with a single consent form, the District Court found that the government's reading that consent to the release of information from several years could be obtained on a single consent form when the form indicated clearly from which years information was sought, was reasonable. The District Court supported this finding by noting that the government's reading satisfied the apparent purpose of ensuring that consenting individuals understood exactly what information they were authorizing the IRS to release. Thus, the District Court concluded that the government's position was "justified to a degree that could satisfy a reasonable person...." *Trahan v. Regan,* 724 F.Supp. at 1011. Whether we agree or disagree with the District Court's interpretation, it is clearly not an abuse of discretion and must be upheld.

In *Tierney* this Court also held that the consent forms did not give the consent required under I.R.C. § 6103(c). *Tierney* held that the forms did not constitute knowing and valid waivers because the forms contained "poorly-veiled threats that the recipients' benefits would be terminated if they failed to sign the forms ...," and because the forms "failed to notify recipients of their procedural rights if SSA decided to terminate their benefits." *Tierney,* 718 F.2d at 456.

The District Court evaluated the state of the law at the time the consent forms were sent. The Court noted that the forms "did not violate any existing case law or statutory provisions governing what is required for effective consent, with the exception of

their technical departure from the terms of 26 C.F.R. § 310.6103...." *Trahan,* 724 F.Supp. at 1012 n. 4. Moreover, the District Court observed that although this Court's decision in *Tierney* was based on the legislative history of I.R.C. § 6103(c), the government relied primarily upon 42 U.S.C. § 1383(f), which required government agency heads to cooperate with the SSA in obtaining information. As appellants correctly point out, *Tierney* decided that in the context of this case the government's reliance was misplaced. Nevertheless, the District Court concluded that the reliance was substantially justified. The District Court properly analyzed the government's position looking prospectively from the time the government took this position, without the advantage of this Court's subsequent pronouncement on the actual meaning of the law. The government attempted to secure the consent of SSA beneficiaries in accordance with what it believed to be the command of 42 U.S.C. § 1383(f) and with the means that it believed to be lawful under the consent release provision of I.R.C. § 6103(c). The District Court found that reasonable minds could differ on the interpretation of 42 U.S.C. § 1383(f) and its relation to I.R.C. § 6103(c) and that the government's position on this issue was justified to a degree that could satisfy a reasonable person. *Trahan,* 724 F.Supp. at 1012.

Appellants challenge the District Court's analysis on several points. First they argue that because *Tierney* held the IRS to have violated its own regulations or its own statutory mandate the government could not have been substantially justified. None of the cases appellants cite stand for such a proposition. *Oregon Natural Resources Council v. Lyng,* 882 F.2d 1417, 1428 (9th Cir.1989); *Animal Lovers Volunteer Association v. Carlucci,* 867 F.2d 1224, 1226 (9th Cir.1989); *Russell v. Heckler,* 866 F.2d 638, 640 (3d Cir.1989); *Ramon–Sepulveda v. INS,* 863 F.2d 1458, 1460–61 (9th Cir.1988); *Gatson v. Bowen,* 854 F.2d 379, 380–81 (10th Cir.1988); *Wilkett v. ICC,* 844 F.2d 867, 872 (D.C.Cir.1988); *Hudson v. Secretary of Health and Human Services,* 839 F.2d 1453, 1456–57 (11th

Cir.1988), *aff'd*, —— U.S. ——, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). All of these cases involved patently unreasonable agency action, not mere failure to conform to their own statutes and regulations. In none of these cases was it important that it was the agencies' own statutes and regulations (rather than others') about which they had taken unjustified positions. Such a *per se* rule is inappropriate under the *Pierce* regime. *Pierce* requires the District Court to determine whether a reasonable person could think the position was correct. Undoubtedly, there will be instances in which an agency might take a position about its own statute or regulation, which, while incorrect, might appear correct to a reasonable person. Thus we cannot say that the District Court abused its discretion by finding that the government was substantially justified in taking these positions.

Appellants also argue that the District Court inappropriately considered whether the positions of the SSA and the General Accounting Office, in addition to the IRS, were substantially justified. Without passing on whether such an evaluation would be inappropriate, we note that this contention misconstrues the District Court's analysis. The District Court evaluated the government's position and noted that the government reasonably relied on the congressional directive in 42 U.S.C. § 1383(f) that "[t]he head of any Federal agency shall provide such information as the Secretary [of Health and Human Services] needs for purposes of determining eligibility for or amount of benefits...." Whether the District Court considered the position of only the IRS or of the IRS and the other agencies is irrelevant in evaluating the government's position; there is no suggestion that the agencies took different positions or viewed the matter differently. The IRS undoubtedly cooperated with the SSA, but this was in response to what it reasonably believed to be its obligation under 42 U.S.C. § 1383(f).

### III. CONCLUSION

The District Court examined the law that reasonably appeared relevant at the time of the government's action; it examined the extent of case law interpreting the relevant statutes and regulations; and it noted that the conclusion reached by this Court in *Tierney* was not the only possible interpretation of the conflicting congressional signals before the government. The District Court engaged in a reasoned analysis and stated the bases on which it relied in concluding that the government's position was substantially justified. In these circumstances we cannot conclude that the District Court abused its discretion.[2] The decision is

*Affirmed.*

---

**2.** Appellant has raised other arguments which we have not expressly discussed. However, we have carefully examined each and find each to be without merit.