INFORMATION SCIENCES
CORP., Plaintiff,

and

Gallagher, Hudson, Hudson & Hunsberger, Inc. (d/b/a Development InfoStructure or DEVIS), Plaintiff–Intervenor,

v.

The UNITED STATES, Defendant,

and

Symplicity Corp., Defendant–Intervenor.

No. 07–744C.

United States Court of Federal Claims.

Sept. 2, 2009.*

* The court's August 31, 2009 Sealed Memorandum Opinion And Final Order is being reissued September 2, 2009 for publication. Counsel for all parties were contacted prior to the reissuing and did not have any redactions. Counsel for Defendant–Intervenor Symplicity Corporation elected not to participate in the briefing of Plaintiff's and Plaintiff–Intervenor's Applications for attorney fees and expenses.

Robert S. Ryland, Kirkland & Ellis LLP, Washington, D.C., for Plaintiff–Intervenor.

Gregg M. Schwind, United States Department of Justice, Washington, D.C., for Defendant.

Richard L. Moorhouse, Greenberg Traurig LLP, Washington, D.C., for Defendant–Intervenor.

## MEMORANDUM OPINION
## AND FINAL ORDER

BRADEN, Judge.

This case concerns the court's award of fees and costs for 2005 and 2007 bid protests, where the Government elected not to appeal the substantive merits of the court's bid protest decisions, but instead has continued to litigate the court's attorney fees and costs awards.

## I. THE COURT'S PRIOR DECISIONS AND PROCEDURAL HISTORY.

On December 22, 2005, Information Sciences Corporation ("ISC") filed a protest of the General Services Administration ("GSA")'s December 7, 2005 award of the Federal Business Opportunities Contract ("FBO Contract") to Symplicity Corporation ("Symplicity") in the United States Court of Federal Claims. On December 29, 2005, Gallagher, Hudson, Hudson, and Hunsberger, Inc. ("DEVIS") filed a Motion To Intervene, that the court granted. On September 19, 2006, the court issued a Memorandum Opinion And Final Order that set aside the December 7, 2005 award, because the court determined that the GSA violated FAR 15.306(c) in establishing the competitive range and the Source Selection Authority violated FAR 15.308 in not exercising independent judgment and not documenting that exercise. *Info. Scis. Corp. v. United States,* 73 Fed.Cl. 70, 114–22, 129 (2006) (*"Info. Scis. I"*).

On May 27, 2007, DEVIS filed an Application For Attorney Fees And Expenses, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). On October 25, 2007, the court issued a Memorandum Opinion And Final Order, awarding DEVIS attorney fees and expenses. *Info. Scis. Corp. v. United States,* 78 Fed.Cl. 673 (2007) (*"Info. Scis. II"*).

\* \* \*

On September 28, 2007, GSA re-awarded the FBO Contract to Symplicity. On October 24, 2007, ISC filed a second protest. On October 29, 2007, DEVIS again filed a Motion To Intervene, that the court granted. On March 18, 2008, the court issued a Memo-

randum Opinion And Final Order that set aside the September 28, 2007 award, finding that the GSA violated FAR 15.101 and FAR 15.308, by failing to "comply with the evaluation criteria set forth in the Solicitation." *Info. Scis. Corp. v. United States,* 80 Fed.Cl. 759, 788–93 (2008) ("*Info. Scis. III* ")

On June 17, 2008, DEVIS filed an EAJA Application For Fees for the October 24, 2007 protest. On June 18, 2008, ISC also filed an EAJA Application For Fees. On March 31, 2009, the court issued a Memorandum Opinion And Final Order Regarding Attorney Fees And Expenses, awarding DEVIS and ISC attorney fees and expenses. *Info. Scis. Corp. v. United States,* 86 Fed.Cl. 269 (2009) ("*Info. Scis. IV* ").

\* \* \*

On April 16, 2009, DEVIS filed a Motion To Amend Judgment And Supplemental Application For Attorney Fees ("4/16/09 Pl. Mot. to Am."), together with two Exhibits ("4/16/09 Pl. Mot. to Am. Ex. A–B"), requesting fees incurred for litigating the June 17, 2008 Application For Fees. On April 20, 2009, the Government filed a Motion For Reconsideration ("4/20/09 Gov't Mot.") of the March 31, 2009 Memorandum Opinion And Final Order granting DEVIS and ISC fees and other expenses. On June 10, 2009, DEVIS and ISC filed a Joint Response to the Government's April 20, 2009 Motion For Reconsideration ("6/10/09 Pls. Jt. Resp."). On June 15, 2009, the Government filed a Response ("6/15/09 Gov't Resp.") to the April 16, 2009 DEVIS' Motion To Amend Judgment.

On June 24, 2009, DEVIS filed a Reply to the Government's June 15, 2009 Response to DEVIS' April 16, 2009 Motion To Amend ("6/24/09 DEVIS Reply"). On July 31, 2009, the Government filed a Reply to the June 10, 2009 Joint Response to the Government's April 20, 2009 Motion For Reconsideration ("7/31/09 Gov't Reply").

## II. DISCUSSION.

### A. The Government's April 20, 2009 Motion For Reconsideration.

#### 1. The Government's Argument.

The Government requests reconsideration of the award of attorney fees in *Info. Scis.*

*IV,* arguing that the court made a "manifest error of law." 4/20/09 Gov't Mot. at 2. Specifically, the court: (1) "created and applied an improper standard to evaluate substantial justification;" (2) "failed to reduce the requested fees and costs commensurate with ISC and [DEVIS'] very limited success;" and (3) made other "clear mistakes of fact," including that the award to DEVIS was reasonable. *Id.* at 1, 10.

As a threshold matter, the Government's decision was "substantially justified." *Id.* at 2. Instead of applying the well-settled standard of "agency reasonableness," the court held that "if the Government violates a regulation, that violation *ipso facto* is 'unreasonable.'" *Id.* (quoting *Info. Scis. IV,* 86 Fed. Cl. at 284). The United States Supreme Court and numerous United States Courts of Appeals, however, have rejected a *per se* standard in determining whether the Government's litigating position is "substantially justified." *Id.* at 3. The United States Supreme Court held that the Government's litigating position had a "reasonable basis in both law and fact," if "a reasonable person could think it correct." *Id.* at 3 (quoting *Pierce v. Underwood,* 487 U.S. 552, 556, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). For this reason, the United States Court of Appeals for the Federal Circuit has never applied an *ipso facto* standard and rejected any interpretation of the EAJA as a mandatory fee-shifting statute. *Id.* at 4–5 (citing *RAMCOR Services Group, Inc. v. United States,* 185 F.3d 1286 (Fed.Cir.1999)). The Government argues that the court's decision in *Info. Scis. IV* created a "new standard" that "effectively converts EAJA into a mandatory fee-shifting statute in bid protests in which a court determines that the agency violated a regulation." *Id.*

In addition, the court erred in failing to make the necessary determination as to whether it should award fees for unsuccessful claims. *Id.* at 9–10. In the same vein, the court incorrectly determined that the relief sought by Plaintiffs was the same as the relief actually received. *Id.*

The court also erred in concluding that DEVIS' billing three times the hours spent

by ISC was reasonable. *Id.* at 10–11. Although the court concluded that the DEVIS briefs were "longer than ISC's, more factually-intensive, and, in the court's judgment, were more cogent and persuasive than any other party's briefs," in fact, DEVIS' briefs were only slightly longer than those of ISC. *Id.* at 10–11 (quoting *Info. Scis. IV,* 86 Fed. Cl. at 288). Moreover, the facts sections of DEVIS' and ISC's briefs were equivalent and ISC had a separate Statement Of Facts. *Id.* at 11. The bottom line is the court agreed with DEVIS on only two of the nine arguments advanced and ordered a remedy that was not requested by DEVIS, confirming that "the [c]ourt was persuaded by something other than the cogency of [DEVIS'] briefs." *Id.* at 12. Accordingly, the award of attorney fees to DEVIS was not reasonable and should be reconsidered. *Id.* at 10.

### 2. Plaintiff and Plaintiff–Intervenor's Responses.

Plaintiffs respond that the Government's Motion For Reconsideration merely reflects a continuing disagreement with the court's substantive conclusions on the merits. 6/10/09 Pls. Jt. Resp. at 1. Although the Government argues that the court applied the wrong legal standard as to the merits of the bid protest, "it is *manifestly clear* that the [c]ourt's March 31[, 2009] decision cited, quoted, relied on and properly applied the correct legal standard—indeed, the very same ["substantial justification"] standard asserted by the Government." *Id.* at 2. As the decision shows, the court conducted a "detailed analysis of the facts and the law" and reviewed the major elements of the Government's case to determine if they satisfied the *Pierce* "reasonable person" standard. *Id.* at 4–6.

The court also followed the United States Supreme Court's holding that if a plaintiff fails "on a claim that is distinct *in all respects* from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Id.* at 7 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)) (emphasis added). In this case, however, Plaintiffs' claims presented a common core of facts, so the court was "not required to parse the arguments raised in a bid protest into separate and distinct claims." *Id.* at 8.

Finally, the court did not make a mistake of law or fact as to the reasonableness of DEVIS' fees. *Id.* at 9. Since the court did not discuss or rely on the number of brief pages as the basis for the award, the Government's detailed analysis of page count is irrelevant. *Id.* at 9–10.

### 3. The Government's Reply.

The Government replies that even though the court recited the *Pierce* standard, the court "then articulated and applied a wholly different standard in finding that the Government's position was not substantially justified." 7/21/09 Gov't Reply at 2. The court's analysis of the facts under the "reasonable person" standard was "merely a restatement of the [c]ourt's decision on the merits" and did not examine the reasonableness of the Government's position as required by the EAJA. *Id.* at 4. The court is required "to account for the large number of unsuccessful arguments by reduction in the EAJA fee claimed." *Id.* at 6.

### 4. Standard Of Review.

▮ A decision to grant a motion for reconsideration is "largely within the discretion" of the court. *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed. Cir.1990); *see also* RCFC 59(a)(1).[1] For the court to grant a motion for reconsideration,

---

1. Rule 59(a)(1) of the Rules of the United States Court of Federal Claims provides the grounds upon which a Motion for Reconsideration may be granted:

 Grounds for New Trial or Reconsideration. The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues—and to any party—as follows:
 (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court;

 (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or
 (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.
 RCFC 59(a)(1).

the movant must "point to a manifest error of law or mistake of fact." *Henderson County Drainage Dist. No. 3 v. United States,* 55 Fed.Cl. 334, 337 (2003). To warrant reconsideration, the movant must show:

> (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice.

*Matthews v. United States,* 73 Fed.Cl. 524, 526 (2006). A motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court." *Prati v. United States,* 82 Fed.Cl. 373, 376 (2008) (internal quotations omitted).

### 5. The Court's Resolution.

 The Government argues that the court made significant errors of law and fact that necessitate "allowing the motion [for reconsideration] to prevent manifest injustice." *Pinckney v. United States,* 82 Fed.Cl. 627, 630 (2008). To prevail, the Government "must do more than 'merely reassert[ ] arguments which were previously made and were carefully considered by the court." *Bannum, Inc. v. United States,* 59 Fed.Cl. 241, 243 (2003) (quoting *Henderson County,* 55 Fed.Cl. at 337) (alteration in original). This is a difficult burden.[2]

The Administrative Procedure Act, 5 U.S.C. § 706(2)(A) sets forth the standard of review of an agency decision in the context of a bid protest. 28 U.S.C. § 1491(b)(4). There are two categories of agency action that may afford the basis for setting aside a government contract challenged under 28 U.S.C. § 1491(b)(4):

> (1) "agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion[;]" or
>
> (2) "[agency action, findings, and conclusions found to be] not in accordance with law."

5 U.S.C. § 706(2)(A).

 In *Info. Scis. I* and *Info Scis. III,* the court set aside the contract awards for violations of FAR regulations, the second category of reviewable agency action. In making that substantive determination, the court was not required to determine further where a violation of agency regulations is reasonable, *i.e.,* "not arbitrary, capricious, or an abuse of discretion." A violation of a regulation is presumed to be unreasonable.

In *Pierce,* the United States Supreme Court discussed the elements that should be considered by trial courts in evaluating whether the Government's position is "substantially justified" under 5 U.S.C. § 504(a)(1) in making EAJA fee and expense awards:

> To begin with, some of the elements that bear upon whether the Government's position "was substantially justified" may be known only to the [trial] court. Not infrequently, the question will turn upon not merely what was the law, but what was the evidence regarding the facts. By reason of settlement conferences and other pretrial activities, the [trial] court may have insights not conveyed by the record, into such matters as whether particular evidence was worthy of being relied upon, or whether critical facts could easily have been verified by the Government ... one would expect that where the Government's case is so feeble as to provide grounds for an EAJA award, there will often be (as there was here) a settlement below, or a failure to appeal from the adverse judgment.

487 U.S. at 560, 108 S.Ct. 2541.

When an agency violates a regulation it is difficult for the court to ascertain circumstances where the Government's litigating position would be "substantially justified," in the absence of conflicting precedent regarding controlling law or significant constitutional questions are presented. *Info. Scis. IV,* 86 Fed.Cl. at 284 (citing *Clemmons v. West,* 206 F.3d 1401, 1403 (Fed.Cir.2000)); *see also L.G. Lefler Inc. v. United States,* 801 F.2d 387, 389 (Fed.Cir.1986). That is not the case here. Nor was this case one where the agency's decision or interpretation of a regulation was at issue. *Id.* (citing *Doty v. United States.* 71 F.3d 384, 386 (Fed.Cir.1995)).

---

**2.** For this reason, none of the cases discussed by the Government grant such a motion.

As the court's prior fee decisions in *Info. Scis. II* and *Info. Scis. IV* attempted to convey, the court considered the qualitative substance of the agency action, together with the Administrative Record, pre-trial activity, and quality of advocacy in determining that the Government's litigation position in this case was not "substantially justified."

 In observing in *Information Sciences IV*, that "if the Government violates a regulation, that violation *ipso facto* is unreasonable," the court was not articulating any new *"per se* standard." 4/20/09 Gov't Mot. at 3–5. The court's syllogistic ruling simply states the obvious. "Reasonable agency action" does not violate the law. Therefore, if an agency violates the law, the agency is not acting in a reasonable matter. The court's ruling is neither contrary to *Pierce* nor rises to a "manifest error of law," requiring reconsideration. *Pinckney,* 82 Fed.Cl. at 630.

The Government argues that the United States Court of Appeals for the Federal Circuit decision in *RAMCOR Servs. Group, Inc. v. United States,* 185 F.3d 1286 (Fed.Cir. 1999), prohibits such a *"per se"* standard. The Government, however, misreads *RAMCOR.* The issue in *RAMCOR* was whether the Government's opposition to a preliminary injunction was "substantially justified." *Id.* at 1286. *RAMCOR* did not address, much less hold that a violation of a statute or regulation nevertheless could be considered reasonable.

As for *Trahan v. Brady,* 907 F.2d 1215 (D.C.Cir.1990), that case concerned an agency's interpretation of a statute. *Id.* at 1219 ("[T]he position taken by the [G]overnment was supported by a reasonable, albeit ultimately incorrect, interpretation."). Likewise, *Aronov v. Napolitano,* 562 F.3d 84 (1st Cir.2009), concerned an agency's interpretation of the law. *Id.* at 94 ("[A] government agency can be substantially justified even if a court ultimately determines the agency's *reading* of the law was not correct.") (emphasis added). In this case, the dispositive issue was whether GSA's actions violated FAR regulations, not whether the agency's interpretation of the FAR regulations at issue were reasonable. *Info Scis. I,* 73 Fed.Cl. 114, 122, 129; *Info. Scis. III,* 80 Fed.Cl. at 787–88.

Nevertheless, the Government contends that it has suffered manifest injustice, because the court "did not consider the reasonableness of the agency's position and the Government's litigation position." 4/20/09 Gov't Mot. at 7. The court's decision, however, identifies and analyzes several specific errors that occurred during the procurement under the *Pierce* reasonableness standard. *Info. Scis. IV,* 86 Fed.Cl. at 284–86 ("[T]he [GSA] was not substantially justified in determining that ISC and Symplicity received 'similar' technical adjectival ratings ... the Government was not 'substantially justified' in arguing that the SSA's 'best value' decision was proper ... the [GSA] reasonably could not conclude that Symplicity's proposal met the minimum Solicitation requirements."). In the alternative, the Government asserts that it has suffered manifest injustice, because if the correct standard had been applied, "the [c]ourt may well have determined that the Government was substantially justified." 4/20/09 Gov't Mot. at 7. The court, however, recognized, "[a]ssuming *arguendo* that some of the errors identified by the court did not violate the FAR, nevertheless, these errors violated the terms of the Solicitation or were unsupported by the Administrative Record." *Info. Scis. IV,* 86 Fed. Cl. at 286. After *considering the totality of the Government's position,* the court concluded that, "the Government was not 'substantially justified' in defending these collective errors." *Info. Scis. IV,* 86 Fed.Cl. at 286 (emphasis added). Therefore, the court views the Government's first basis for reconsideration as "merely reassert[ing] arguments which were previously made and carefully considered by the court." *Henderson County,* 55 Fed.Cl. at 337.

 Second, the Government asserts that the court should have evaluated "whether unsuccessful claims were related to successful ones and explain[ed] why they were sufficiently related to allow recovery for the unsuccessful claims." *Id.* at 8. In *Hensley,* the United States Supreme Court advised trial courts to examine if the different claims for relief are based on "different facts and legal theories" or if they "involve a common core of facts or [are] based on related legal theo-

ries." 461 U.S. at 434–35, 103 S.Ct. 1933.[3] Therein, however, the Court specifically rejected a "mathematical approach comparing the total number of issues in the case with those actually prevailed upon." *Id.* at 428., 103 S.Ct. 1933 In this case, all of the claims arose from a "common core of facts" concerning the FBO contract and were based on "related legal theories," *i.e.,* FAR violations. *Info. Scis. III,* 80 Fed.Cl. at 759. Therefore, the court was not required to "compar[e] the total number of issues in the case with those actually prevailed upon." *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933. Nevertheless, the court does not find any of the claims upon which Plaintiffs did not prevail "distinct in *all respects*" from the successful claims. *Hensley,* 461 U.S. at 440, 103 S.Ct. 1933 (emphasis added).

 The court recognizes that *Hensley* requires the court to examine the "extent of a plaintiff's success" in determining the proper amount of attorney fees. For example, a reduction in fees may be required if the plaintiff has achieved "only partial or limited success ... even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436, 103 S.Ct. 1933. On the other hand, "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Id.* at 440, 103 S.Ct. 1933. The Government insists that the relief requested did not precisely match the relief granted. 4/20/09 Gov't Mot. at 9. *Hensley,* however, requires only that the plaintiff achieve "substantial relief," not that there be an identity between the relief sought and the relief granted. *Hensley,* 461 U.S. at 440, 103 S.Ct. 1933; *see also Loomis v. United States,* 74 Fed.Cl. 350, 359 (2006) ("We see no reason to reduce the fees merely because plaintiff did not prevail on all the issues he raised."). In this case, the court granted DEVIS' Motion for Judgment on the Administrative Record, in part, set aside the GSA's September 28, 2007 contract award to Symplicity, and ordered the GSA to issue a revised Solicitation if it wished to award a contract. *Info Scis. III,* 80 Fed.Cl. at 759. The court considered this to be "substantial relief." *Hensley,* 461 U.S. at 440, 103 S.Ct. 1933.

 The Government's final bone of contention concerns the court's comment that DEVIS' claimed hours were reasonable, because "DEVIS' briefs were longer than ISC's, more factually-intensive, and, in the court's judgment, were more cogent and persuasive." *Id.* at 10–11. The Government argues that these statements reflect "clear mistakes of fact" that rise to "manifest injustice." 4/20/09 Gov't Mot. at 10. The court's determination in this regard was well within its discretion. *Hubbard,* 480 F.3d at 1334.

### B. Plaintiff–Intervenor's April 16, 2009 Motion To Amend Judgment And Supplemental Application For Fees And Costs.

#### 1. Plaintiff–Intervenor's Argument.

On April 16, 2009, DEVIS filed a Motion to Supplement the June 17, 2008 EAJA Application and amend the March 31, 2009 judgment to claim $16,440.14 for additional attorney fees incurred in preparing and litigating DEVIS' initial EAJA application. 4/16/09 Pl. Mot. to Am. at 1.

#### 2. The Government's Response.

The Government responds that the court should not amend the March 21, 2009 judgment, but instead reduce the fees and costs requested by DEVIS. 6/15/09 Gov't Resp. at 1. For example, DEVIS improperly requested fees on unrelated matters, namely: "a 'potential protest complaint re evaluation of client's proposal' seeking 'bid preparation cost[s],'" "fees for time its attorneys spent monitoring the similar, unrelated action ... seeking bid preparation costs," and "charges for discussion of 'potential responses to DOJ deposition notices.'" *Id.* at 2 (quoting 4/16/09 Pl. Mot. to Am. Ex. B at 3–4). DEVIS' time entries do not segregate reimbursable and nonreimbursable claims, making it

---

**3.** The standard applied in *Hensley* under the Civil Rights Act has been applied by the United States Court of Appeals for the Federal Circuit to EAJA cases. *Hubbard v. United States,* 480 F.3d 1327,

1333 (2007) ("[W]e see no reason why the foregoing principles there announced should not be equally applicable to the parallel fee-shifting provision of the Equal Access to Justice Act.").

"impossible to separate potentially reimbursable work ... from non-reimbursable work." *Id.* at 3. Such "block billing" requires the court to "approximate the amount of time which should be allocated to each task." *Id.* (citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C.Cir.2004)). Since some of the entries include both reimbursable and non-reimbursable work, the court should deny the entire amount, or, at least, reduce the amount requested by half. *Id.*

The Government also again argues that the court should reduce fees claimed on arguments where DEVIS did not prevail. *Id.* at 4. Specifically, the fees attributable to DEVIS' work on the unsuccessful Motion To Strike the Government's Sur–Reply should be reduced or excluded. *Id.* at 5 (citing *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 211 (3d Cir.2000)).

In addition, the court should exclude fees for hours spent defending paralegal fees at a higher rate than approved by the court. *Id.* at 6. The Government suggests the court reduce the awardable hours spent on DEVIS' August 4, 2008 EAJA Reply by at least 20% for a reduction of $7,646.88. *Id.* at 7.

### 3. Plaintiff–Intervenor's Reply.

DEVIS replies that two of the three groups of fees that the Government opposes are reimbursable. 6/24/09 DEVIS' Reply at 1. DEVIS concedes, however, that some entries included time not chargeable under the EAJA and accepts the Government's suggestion that 50% of the time charged be excluded, reducing fees by $381.56. *Id.* at 1 n. 1.

As to the Motion To Strike, *Eleven Vehicles*, concerned the underlying merits of the case, not a fee petition. *Id.* at 4. In this case, although the Motion To Strike was not successful, it was considered by the court and did not diminish DEVIS' success. *Id.* at 4.

Finally, DEVIS did not devote "significant effort" to opposing the Government's position on the correct rate for paralegal fees. *Id.* at 4–6. Therefore, DEVIS would not object if the court reduced the supplemental fee request by five to ten percent of the allowable fees associated with those particular filings,

resulting in a reduction of between $273.88 and $547.76. *Id.* at 6.

### 4. Standard Of Review.

Plaintiffs are entitled to fees spent preparing and defending successful EAJA applications. *Fritz v. Principi*, 264 F.3d 1372, 1377 (Fed.Cir.2001) ("[Plaintiff] was entitled to attorney fees ... incurred in preparation and defense of the fee application to the extent those fees are defensible."). Once the litigant has met the conditions for EAJA fees, "[i]t remains for the [trial] court to determine what fee is reasonable." *Comm'r, Immigration & Nat. Serv. v. Jean*, 496 U.S. 154, 161, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) ("*Jean VI*") (internal quotations omitted). In making this determination "[t]he trial court has considerable discretion[.]" *Hubbard*, 480 F.3d at 1334. The court, however, should not award fees "to the extent that the applicant ultimately fails to prove justification for each item of fee claimed." *Fritz*, 264 F.3d at 1377. In addition, the court may recognize and discount "[e]xorbitant, unfounded, or procedurally defective fee applications," as well as fees claimed for "any other improper position that may unreasonably protract proceedings." *Jean VI*, 496 U.S. at 163, 110 S.Ct. 2316.

### 5. The Court's Resolution.

The Government opposes the amounts awarded for three categories of DEVIS' fees. The first concerns fees for work on unrelated matters. 6/15/09 Gov't Resp. at 2–3. The court agrees that the format of the entries does make it difficult to discern with certainty how much time was spent on reimbursable versus non-reimbursable items. For example, the description in the June 16, 2008 entry of E. Meyers, that accounts for the bulk of the contested fees, states: "Revise declaration of M. Hudson and attorney fee petition; meet with R. Ryland re same and timing of filing the potential protest complaint re evaluation of client's proposal." 4/16/09 Pl. Mot. to Am. Ex. B. at 3. All of those activities, however, appear to be reimbursable, except for the discussion of the timing of a potential protest complaint. *Oliveira*, 827 F.2d at 744 (holding that fees must be solely "in connection with the case before

the court."). In addition, the revision of the Hudson Declaration and Petition and the discussion of that revision is likely to have taken at least as much time as the discussion of a potential protest complaint. The remaining contested entries similarly are spilt between reimbursable and nonreimbursable work. 6/15/09 Gov't Resp. at 4; 4/16/09 Pl. Mot. to Am. Ex. B at 3–4. Therefore, the court finds that a 50% reduction of the fees claimed for the contested entries represents a fair approximation of the work performed on reimbursable claims. *Hubbard,* 480 F.3d at 1334 ("The trial court has considerable discretion in determining reasonable attorney fees.").

The second category of contested fees is attributable to DEVIS' unsuccessful Motion To Strike. 6/15/09 Gov't Resp. at 5. The court denied this motion, but treated it as a "responsive filing." *Info. Scis. IV,* 86 Fed.Cl. at 269. That pleading, however, did not contribute to DEVIS' success on the fee application. Therefore, elimination of fees attributable to the Motion To Strike is appropriate. *Jean VI,* 496 U.S. at 163, 110 S.Ct. 2316 (holding that court has discretion to reduce or eliminate fees for "any ... improper position that may unreasonably protract proceedings.").

The third category of contested fees concerns the time DEVIS spent arguing for a higher paralegal hourly fee. 6/15/09 Gov't Resp. at 6–8. In this case, however, the court did "recalculate and reduce" the award for paralegal time from that requested. *Info. Scis. IV,* 86 Fed.Cl. at 291 ("[T]he court is satisfied that $102 is a more appropriate market rate for paralegal services under the EAJA."). Since the arguments in support of the higher rate are in DEVIS' EAJA Reply,[4] the court cannot discern how much time was spent defending the higher rate. 8/4/08 DE-VIS EAJA Reply at 25–26. It is likely, however, that the effort of defending the higher rate was minimal. Therefore, the court finds that a 5% reduction of the overall fees for that motion is appropriate. *Jean VI,* 496 U.S. at 163, 110 S.Ct. 2316 ("[I]f the Government's challenge to a requested rate for paralegal time resulted in the court's recalculating and reducing the award for paralegal time from the requested time, then the applicant should not receive fees for the time spent defending the higher rate."). DEVIS calculates the fees associated with the paralegal wage issue as $5,477.56. 6/24/09 DEVIS' Reply at 6. This fails to include the hours charged for the drafting the EAJA Reply Brief. DEVIS' Exhibits, however, indicate that a total of 37.5 attorney hours and 11 paralegal hours were spent on drafting the EAJA Reply Brief, for a total of $7,481.25 in fees claimed. 4/16/09 Pl. Mot. to Am. Ex. B at 4–5. A 5% reduction limits these fees to $7,107.19.

Accordingly, the court has determined that DEVIS is entitled to fees incurred in preparation and defense of the fee application, with the following reductions. The court reduces by 50% the billing entries that included non-reimbursable items, for a reduction of $381.56. The court eliminates fees claimed for DEVIS' September 15, 2008 Motion To Strike and October 14, 2008 Reply In Support Of The Motion to Strike, for a reduction of $5,477.56. In addition, the court reduces by 5% the fees associated with filings that included arguments in support of a higher rate of paralegal fees (37.5 attorney hours and 11 paralegal hours), for a further reduction of $374.06. This reduces DEVIS' total awardable amount from the $16,440.14 to $10,206.96, as set forth in the following table.

| Filing | Hours Claimed | Capped Rate | Total Awarded | Total Claimed | Difference Between Amount Claimed and Awarded |
|---|---|---|---|---|---|
| Initial EAJA Application | 11.5 (attorney) | $169.58 | $ 1,568.61 | $ 1,950.17 | $ 381.56 |

---

4. There is also some argument about the paralegal fee rates in DEVIS' Motion To Strike, but those fees have already been eliminated.

| Description | Hours | Rate | | | |
|---|---|---|---|---|---|
| Review of Gov't Opposition | 3.5 (attorney) | $169.58 | $ 593.53 | $ 593.53 | $ 0.00 |
| Drafting of Reply | 37.5 (attorney) | $169.58 | $ 6,041.29 | $ 6,359.25 | $ 317.96 |
| | 11.0 (paralegal) | $102.00 | $ 1,065.90 | $ 1,122.00 | $ 56.10 |
| Review of DOJ Sur–Reply and Drafting of Motion to Strike | 27.5 (attorney) | $169.58 | $ 0.00 | $ 4,663.45 | $4,663.45 |
| Review of Gov't Response to Motion to Strike | 4.5 (attorney) | $169.58 | $ 0.00 | $ 763.11 | $ 763.11 |
| and Drafting of Reply | 0.5 (paralegal) | $102.00 | $ 0.00 | $ 51.00 | $ 51.00 |
| **Total** | | | $ 9,269.33 | $15,502.51 | $6,233.18 |
| **Expenses** | | | | | |
| 10/14/2008 | | | $ 821.64 | $ 821.64 | $ 0.00 |
| 11/3/2008 | | | $ 18.00 | $ 18.00 | $ 0.00 |
| 11/24/2008 | | | $ 97.99 | $ 97.99 | $ 0.00 |
| **Total** | | | $ 937.63 | $ 937.63 | $ 0.00 |
| **Total Awarded** | | | $10,206.96 | $16,440.14 | $6,233.18 |

## III. CONCLUSION.

For the reasons stated herein, the Government's April 20, 2009 Motion For Reconsideration is denied. Plaintiff–Intervenor's April 16, 2009 Motion To Amend Judgment, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is granted, in part, and denied, in part. The Clerk of the United States Court of Federal Claims is directed to amend judgment in favor of Plaintiff–Intervenor in the amount of $10,206.96.

**IT IS SO ORDERED.**